983 F.2d 1069
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd BRADLEY, Defendant-Appellant.
 No. 92-5270.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1993.
 
 Before KEITH, DAVID A. NELSON and LIVELY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Lloyd Bradley, appeals his conviction and sentence imposed pursuant to a guilty plea to possession and distribution of a controlled substance. For the reasons stated below, we AFFIRM in part and REVERSE in part.
 
 I.
 
 2
 On July 27, 1988, Bradley was arrested at his residence by state and federal agents pursuant to a state indictment against him. After the agents read Bradley his Miranda rights, he consented to a search of his premises, where the police discovered controlled substances and firearms.
 
 
 3
 On July 29, 1988, an FBI agent visited Bradley in jail and asked him for permission to conduct a second search of his residence to determine if the agents overlooked any marijuana during their July 27th search. Bradley consented to a second search of his residence and informed the agent that they had missed finding some marijuana in their initial search. He also told the agent where the marijuana was hidden. On July 29, 1988, the officers conducted a second search of Bradley's residence and found marijuana and other controlled substances on the premises. According to the government, the controlled substances found during the July 29th search "were identical to drugs found in the first search ... but of a much smaller quantity." The controlled substances found in both searches were transported to the state laboratory. However, the government contends that they did not request a laboratory analysis of the drugs found in the second search "[b]ecause of the large quantity of drugs found in the first search and because the drugs found in the second search were the same as some of the drugs found in the first search."
 
 
 4
 On August 10, 1988, a federal grand jury returned a six-count indictment against Bradley. Count one of the indictment charged Bradley with distributing Schedule II controlled substances on or about May 25, 1988. Counts two through five of the indictment charged Bradley with possession of controlled substances on or about July 27, 1988, with the intent to distribute. Count six charged Bradley with being a convicted felon in possession of firearms. On December 29, 1988, Bradley filed a motion to suppress evidence seized from both the July 27th and July 29th searches of his residence. His motion was denied on June 26, 1989. On August 15, 1989, Bradley pled guilty to counts two and six of the indictment pursuant to a plea agreement with the government. On October 16, 1989, he was sentenced to 92 months.
 
 
 5
 In United States v. Bradley, 922 F.2d 1290 (6th Cir.1991), this court reversed in part and affirmed in part Bradley's conviction and sentence remanding the case to the district court. We held that the district court erred in denying Bradley's motion to suppress evidence seized from the July 27th search of his residence. With respect to the July 29th search, however, we held that the district court was not required to suppress the evidence seized.
 
 
 6
 On October 17, 1991, following our decision in Bradley, the government wrote Bradley's attorney, notifying him that the government was still bound by the plea agreement and that Bradley had until October 22, 1991, to accept the original plea agreement. Bradley did not respond.
 
 
 7
 On October 23, 1991, a federal grand jury issued a four-count superseding indictment against Bradley. Count two of the superseding indictment, however, listed only eight kinds of drugs, whereas count two of the original indictment listed sixteen different drugs. Count one of both the original and superseding indictments were identical. Count three of the original indictment was dropped altogether. Counts three and four of the superseding indictment charged Bradley for conduct alleged in counts four and five of the original indictments, respectively. The government contends that counts two through four in the superseding indictment are supported by evidence seized from the July 29th search of Bradley's home. The firearms charge underlying count six of the original indictment was not included in the superseding indictment. Bradley was not given an opportunity to plead to the superseding indictment. In fact, Bradley unsuccessfully filed a motion to dismiss the superseding indictment, and in the alternative to suppress the use of evidence from the July 29th search of his residence. His motion was denied.
 
 
 8
 On December 10, 1991, the district court asked Bradley if he wished to withdraw his guilty plea to count two of the original indictment. In response, Bradley's counsel stated that his client would "stand mute on that issue." The district court concluded that Bradley did not withdraw his plea to the original indictment and found that there was an adequate factual basis for the plea. On February 11, 1992, Bradley was sentenced to 92 months. This timely appeal followed.
 
 
 9
 On appeal, Bradley argues that the district court erred in sentencing him based on his plea to the original indictment, and in denying his motion to dismiss the superseding indictment or, in the alternative, his motion to suppress the evidence found during the second search of his residence. Each of these issues are discussed below seriatim.
 
 II.
 
 10
 Bradley contends that he should not have been sentenced on the original indictment because there was no factual basis to support a guilty plea to count two of the original indictment. He relies on this Court's decision in his earlier appeal, where we held that the July 27th search of Bradley's residence was unconstitutional and should have been suppressed.
 
 Fed.R.Civ.P. 11(f) provides that:
 
 11
 Notwithstanding the acceptance of a plea of guilty, the Court should not enter a judgment upon such a plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.
 
 
 12
 This rule requires that there be a factual basis for a plea. Both parties agree that count two of the original indictment was supported by evidence from the July 27th search. However, after our decision in Bradley suppressing the July 27th search, the government modified the offense charged in count two of the original indictment. Bradley contends that because the underlying evidence supporting count two of the original indictment was suppressed, he should not have been sentenced pursuant to his plea under the original indictment. The government, however, argues that there was a factual basis for appellant's sentence based on his plea to the original indictment.
 
 
 13
 It is the position of the government that the drugs found at Bradley's residence during the July 29th search serves as the basis for his plea based on the original indictment. With respect to the July 29th search, the government notes that a hearing was conducted following our decision in Bradley, where the government presented evidence of the controlled substances found during the July 29th search as a factual basis for appellant's guilty plea to the original indictment.
 
 
 14
 The government claims that in sentencing Bradley based on his plea to the original indictment, the district court's actions were consistent with our earlier decision in Bradley. According to the government, the district court determined that Bradley's conviction and sentence were remanded for resentencing pursuant to the original plea, or in the alternative, for a trial if Bradley withdrew his plea to the original indictment. Our decision in Bradley did not instruct the district court to sentence Bradley based on his original plea. In fact, by doing so the district court ignored our holding that the evidence from the July 27th search, which provided the factual basis for the original indictment, was unconstitutional. When we suppressed the July 27th search, the original indictment was left without a factual basis, thereby nullifying Bradley's plea. Therefore, the district court should have given Bradley the choice of either pleading to the superseding indictment or standing trial on the counts charged in the superseding indictment.[1] Accordingly, we reverse Bradley's conviction and sentence and remand this case to the district court for proceedings consistent with this opinion.
 
 III.
 
 15
 Bradley contends that the district court should have dismissed the superseding indictment because of prosecutorial misconduct. He first claims that the government failed to comply with its discovery duties by withholding information regarding the drugs seized during the second search of his residence, in violation of Fed.R.Crim.P. 16(c). However, the record reflects that the government wrote a letter to Bradley's counsel on September 21, 1988, which included a list of items taken from his residence. The record also reflects that on December 29, 1988, Bradley filed a motion to suppress the controlled substances seized from his residence on July 29, 1988. Bradley's December 29th motion to suppress reveals that he had sufficient information about the drugs seized from his residence during the July 29th search. Furthermore, the government did not request a laboratory report on the drugs seized from the second search until after our January 1, 1991, decision in Bradley. The lab report on the drugs from the second search was issued on February 1, 1991, and this report was furnished to Bradley on October 17, 1991, after the government's motion for rehearing before this Court was denied.
 
 
 16
 Dismissal of an indictment is proper only where prosecutorial misconduct is "flagrant" and has caused "substantial injury to the defendant." United States v. Jacobs, 855 F.2d 652, 655 (9th Cir.1988). There is no indication that the government's conduct was flagrant or that any substantial prejudice was done to Bradley. Furthermore, even if this Court were to determine that the government withheld evidence from Bradley, in violation of Rule 16, this Circuit does not require that evidence be excluded from trial to remedy Rule 16 violations. See United States v. Bartle, 835 F.2d 646, 649 (6th Cir.1987).
 
 
 17
 Bradley next argues that the superseding indictment should have been dismissed because it resulted from "prosecutorial vindictiveness." Specifically, he claims that the superseding indictment is a vindictive response by the government to his successful appeal of the legality of the July 27th search. In Bordenkircher v. Hayes, 434 U.S. 357 (1978), however, the Supreme Court held that it was not unconstitutional for a prosecutor to reindict a defendant on a more serious charge because the defendant refused to accept a plea bargain offer.
 
 
 18
 Finally, Bradley argues that counts one, three and four of the superseding indictment (which were counts one, four and five of the original indictment), are barred by the Double Jeopardy Clause. As a plea agreement to the original indictment, the government agreed to dismiss counts one, three, four and five at sentencing, in exchange for Bradley's plea of guilty to counts two and six. However, as a result of our decision suppressing the evidence seized from the July 27th search, the original plea agreement was nullified because the evidence seized from the July 27th search provided the factual basis for counts two through six of the original indictment. Therefore, when we suppressed the evidence from the July 27th search of Bradley's home, both Bradley and the government were placed back in the position they were in prior to entering into the plea agreement. See Ricketts v. Adamson, 483 U.S. 1 (1987). Thus, the government was free to reindict Bradley based on evidence seized from the July 29th search. Bradley also argues that counts one, three and four of the superseding indictment should be dismissed because they violate the plea agreement. We reject this argument for the same reasons we rejected Bradley's Double Jeopardy argument. Accordingly, we affirm the district court's denial of Bradley's motion to dismiss the superseding indictment.
 
 IV.
 
 19
 For the foregoing reasons, we AFFIRM in part and REVERSE in part Bradley's conviction and sentence and remand this case to the district court for proceedings consistent with this opinion.
 
 
 
 [1]
 On remand, the only question asked of Bradley by the district court was whether he wished to withdraw his plea to the original indictment. Bradley's attorney responded that his client wished to "stand mute on that issue." The district court then sentenced Bradley based on his plea to the original indictment, concluding that Bradley was adopting his earlier plea. However, by "standing mute," Bradley was simply acknowledging that the original indictment was invalid due to our decision suppressing the July 27th search. Therefore, the district court erred in its determination that Bradley adopted his earlier plea to the original indictment