*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0444p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　　　　*Plaintiff-Appellee,*

　　　*v.*

RICHARD JONES, JR.,

　　　　　　　　*Defendant-Appellant.*

No. 05-5467

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 00-00131—Thomas Varlan, District Judge.

Argued: September 21, 2006

Decided and Filed: November 29, 2006

Before: MERRITT, SUTTON, and GRIFFIN, Circuit Judges.

_____

### COUNSEL

_____

**ARGUED:** James W. Bell, LAW FIRM OF JAMES W. BELL, Dandridge, Tennessee, for Appellant. Michael E. Winck, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee. **ON BRIEF:** James W. Bell, LAW FIRM OF JAMES W. BELL, Dandridge, Tennessee, for Appellant. Michael E. Winck, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee.

_____

### OPINION

_____

MERRITT, Circuit Judge. Richard Jones, Jr. appeals his conviction and 420-month sentence for six narcotics and weapons offenses. After he was arrested in 2000, Jones pled guilty to two of the six counts against him pursuant to a conditional plea agreement in exchange for a 210-month prison sentence. Under the plea agreement, Jones cooperated with the FBI's ongoing investigation of cocaine trafficking in East Tennessee by providing a statement detailing his narcotics dealing.

In 2003, the Sixth Circuit found that the search of Jones's residence following his arrest was unlawful for lack of consent and remanded the case to District Court. After the case returned to District Court, Jones withdrew his guilty plea. The government then filed a seven count superseding indictment containing two charges from the original indictment and five new charges. A jury convicted Jones on six of the seven charges and the District Court sentenced him to 420 months in prison.

1

In this appeal, Jones challenges the District Court's decisions: 1) allowing the government to reinstate two charges from the first indictment that were dismissed pursuant to the plea agreement and 2) permitting the government to introduce Jones's FBI statement and derivative evidence at trial. We affirm the District Court on both grounds because once Jones withdrew his guilty plea, the plea agreement was nullified. Since it was no longer bound by the agreement, the government was free to indict Jones based on any lawfully obtained evidence, including the FBI statement.

## I. Background

Jones moved to Knoxville, Tennessee, in late 1997 from Columbus, Ohio, and began selling crack cocaine that he purchased from a supplier in Columbus. Over the next few years, Jones purchased two to five kilograms of cocaine per week, which he re-sold out of his residence in Knoxville. At trial, a number of witnesses, including several of Jones's customers, testified to the scope of Jones's distribution operation.

After his arrest in August 2000, police searched Jones's residence and seized the drugs and weapons that supported his original indictment. Based on this evidence, prosecutors charged Jones with six counts of drugs and weapons offenses. After the District Court denied his motion to suppress the evidence recovered from his house, Jones conditionally pled guilty to possession with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924(e). As part of the plea agreement, Jones agreed to cooperate with the FBI's ongoing investigation. After he provided a statement to the FBI detailing his Knoxville cocaine operation, the government moved for a 30-month downward departure in Jones' sentence. The court granted the motion and sentenced Jones to 210-months in prison.

Jones appealed the District Court's suppression decision to the Sixth Circuit and prevailed. *U.S. v. Jones*, 335 F.3d 527 (2003). The court held that the search was conducted without valid consent and remanded the case to the District Court for further proceedings. *Id.*

In the District Court, Jones withdrew his guilty plea. Over Jones's objection, the court granted the government's motion to reinstate two charges from the original indictment: one charge of conspiracy to distribute crack cocaine and one count of unlawful possession of a firearm by a felon.[1] Two months later, the government filed a superseding indictment containing seven charges, the two pending charges and five new ones. The District Court refused Jones's motions to dismiss the indictment and to dismiss the five new charges, which were based on information Jones provided to the government in the course of his earlier cooperation.

After Jones rejected an offer for a second plea agreement that would have resulted in another 210-month sentence, the case proceeded to trial. A jury convicted Jones of six of the seven counts and the District Court sentenced him to 420 months in prison.

## II. Analysis

Jones raises five issues on appeal, but they can be narrowed to two more general claims. First, he argues that the plea agreement remained binding on the government after he withdrew his guilty plea following the Court of Appeals ruling. Since the plea agreement remained in force, Jones argues that the government should not have been allowed to reinstate previously dismissed charges or add new charges to the indictment. Second, he argues that the District Court erred in admitting the incriminating statements Jones made to the FBI pursuant to his plea agreement.

---

[1] The other four charges, including the two charges that formed the basis of Jones's guilty plea were dismissed.

**A. The District Court properly held that the government was not bound by the plea agreement after Jones withdrew his guilty plea.**

The District Court did not err in finding that Jones's withdrawal of his guilty plea relieved the government of its obligations under the plea agreement. When a defendant successfully challenges the District Court's denial of a motion to suppress following a conditional guilty plea, the government is free to re-indict the defendant based on lawfully obtained evidence. *United States v. Bradley*, No. 92-5270, 1993 WL 3463, at *1 (6th Cir. Jan. 8, 1993).

In *Bradley*, the defendant was charged with six counts of narcotics offenses following three separate searches. The first count arose from evidence seized on May 25, 1988, and the other five counts were based on evidence seized on July 27, 1988. No charges were filed that directly arose from the third search on July 29, 1988. The District Court denied Bradley's motion to suppress the evidence seized on July 27 and 29, and Bradley subsequently entered a conditional guilty plea to counts two and six of the indictment.

The Sixth Circuit reversed the District Court in part, holding that the July 27 search was unlawful, but affirming the validity of the July 29 search. *United States v. Bradley*, 922 F.2d 1290 (1991). On remand, as in the present case, the government filed a superseding indictment charging Bradley with four counts, the first charge from the original indictment (based on evidence from the first search) and three charges based on the July 29 search. *Bradley*, 1993 WL 3463 , at *2. Bradley moved to dismiss the superseding indictment, but the District Court denied the motion. On appeal, the Sixth Circuit rejected Bradley's claim that the second indictment constituted Double Jeopardy. It held that:

> As a result of our decision to suppress the evidence seized from the July 27th search, *the original plea agreement was nullified . . .* Therefore when we suppressed the evidence from the July 27th search of Bradley's home, both Bradley and the government were placed back in the position they were in prior to entering into the plea agreement.

*Id.* at *4 (emphasis added). Another case in this circuit similarly noted that the government may pursue charges dismissed as part of a plea agreement after an appellate court decision in the defendant's favor prompts the defendant to withdraw his guilty plea. *See United States v. Lowery*, 60 F.3d 1199, 1205 (6th Cir. 1995).

When Jones withdrew his guilty plea, the plea agreement was nullified — at least in the sense of the government's commitment to drop certain charges — just like the plea agreement in *Bradley*. Since the agreement was no longer valid, the government was no longer bound by its promises therein and was free to indict Jones based on any legally obtained evidence. The District Court correctly found that there was no bar to reinstating charges from the original indictment that were dismissed at the time the plea agreement was formed.

Jones also argues that the superseding indictment should have been suppressed on the grounds of prosecutorial misconduct or vindictiveness, alleging that prosecutors misrepresented the consequences of cooperating with the government. Since these claims lack any evidentiary support, the District Court's decision to sustain the indictment was not in error.

**B. Jones's statement to the FBI was properly admitted at trial.**

Jones argues that his statement to the FBI was inadmissible at trial under the terms of his plea agreement and Federal Rule of Evidence 410. Jones also argues that the District Court erred when it refused to conduct a *Kastigar* hearing to examine whether the prosecution's evidence had been

improperly derived from his FBI statement.  Since we conclude that the FBI statement was admissible, we do not address the *Kastigar* issue.

Pursuant to his conditional guilty plea, Jones submitted to an interview by FBI agents and provided a detailed statement regarding his involvement in trafficking cocaine in the Knoxville, Tennessee, area.  Under the terms of the plea agreement, the statement could not be used against Jones "unless the defendant violates the terms of this agreement." J.A. at 134.  In his trial following the withdrawal of his guilty plea, the District Court allowed prosecutors to introduce Jones's FBI statement against him.  Since neither of Jones's arguments provides a basis for suppressing the FBI statement, the District Court's decision to admit it was not in error.

As discussed in the previous section, when Jones withdrew his guilty plea, the plea agreement was nullified.  Further, the agreement itself allowed the government to use the statement against Jones if he violated the terms of the agreement.  Withdrawing his guilty plea, while completely within Jones's rights, did violate the express terms of the plea agreement, freeing the government of its contractual obligation not to use his statement against him.  If Jones wanted to prevent the government from using his statement against him, he could have attempted to negotiate a provision in the plea agreement that barred use of the statement against him after a successful appeal.  Alternatively, Jones could have pled guilty conditionally and chosen not to cooperate with the government.  Instead, he chose to provide a statement to the government that could be used against him in the event of a successful appeal.

Jones also argues that admitting his FBI statement violated Federal Rule of Evidence 410. Rule 410(3) prohibits the admission of statements "made in the course of" plea negotiations.  The case law is clear that statements made to authorities pursuant to cooperation plea agreements are not protected because they are not "made in the course of plea discussions." *United States v. Marks*, 209 F.3d 577, 582 (6th Cir. 2000) (noting that Rule 410 was amended to overrule cases that had construed the rule more liberally).  As in *Marks*, Jones provided information to the government pursuant to a cooperation plea agreement.  Since these statements were made after and in furtherance of the plea agreement, they are not protected by Rule 410.

For the foregoing reasons, we affirm the judgment of the District Court.