NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1145n.06

No. 11-5136

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 05, 2012*

DEBORAH S. HUNT, Clerk

RICHARD JONES, JR., aka Mark )
Washington, )
)
    Petitioner-Appellant, )
)
v. ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR
UNITED STATES OF AMERICA, ) THE EASTERN DISTRICT OF
) TENNESSEE
    Respondent-Appellee. )

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.   Richard Jones, Jr., a pro se federal prisoner, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255.

In 2001, Jones pleaded guilty to possessing more than fifty grams of cocaine base with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Jones entered pleas pursuant to a plea agreement that was conditioned on his right to appeal the district court's denial of a previously filed suppression motion.  The district court subsequently sentenced Jones to 210 months of imprisonment.  On appeal, we determined that the suppression motion should have been granted, reversed Jones's convictions, and remanded the case to the district court for further proceedings.  *See United States v. Jones*, 335 F.3d 527, 529 (6th Cir. 2003).

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

On remand, Jones withdrew his guilty pleas. The government subsequently filed a superseding indictment which contained seven charges. Jones moved to dismiss the superseding indictment, which the district court denied. The court concluded that Jones's previous plea agreement did not prohibit the government from reinstating previously dismissed charges or pursuing new charges.

In March 2004, the government offered Jones a second plea agreement, proposing that if he agreed to plead guilty to two counts of the superseding indictment, the government would again request a downward departure based on his cooperation and recommend that he again receive a sentence of 210 months of imprisonment. Jones refused the government's offer.

 Jones ultimately proceeded to trial on a fourth superseding seven-count indictment. In November 2004, a jury found him guilty of six of the seven charges. Jones was sentenced to 420 months of imprisonment. We affirmed Jones's convictions on appeal. *United States v. Jones*, 469 F.3d 563, 567 (6th Cir. 2006).

Jones then filed the instant section 2255 motion to vacate his sentence asserting that defense counsel rendered ineffective assistance by advising Jones to withdraw his guilty pleas. Although defense counsel implicitly admitted that he gave Jones erroneous advice, and the government conceded that defense counsel's performance had been deficient, the district court concluded that Jones could not establish prejudice. The court reasoned that Jones had been put on notice, both before and after he rejected the 2004 plea offer, that counsel's advice was incorrect when the district court and this Court denied his challenges to the superseding indictment and informed him that reinstatement of dismissed charges and the bringing of new charges was permissible.

The district court denied the motion to vacate. We certified Jones's ineffective assistance of counsel claim for appeal. On appeal, Jones argues that counsel was ineffective for advising him to withdraw his guilty pleas based on an understanding that the government could not recharge

dismissed counts or bring new charges. He also argues that counsel grossly understated his sentencing exposure if he proceeded to trial.

The district court's judgment is reviewed de novo. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

To succeed on an ineffective assistance claim, a petitioner must establish that his counsel's performance was "deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner must also establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Although "[t]he decision to plead guilty—first, last, and always—rests with the defendant, not his lawyer," we have nonetheless maintained that "the attorney has a clear obligation to fully inform her client of the available options." *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003). "A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available." *Id.* at 553. Neither party disputes that counsel's performance was deficient in the instant case. The sole issue is whether Jones was prejudiced by counsel's errors.

In a case where a defendant received erroneous advice from counsel during plea proceedings, the Supreme Court has stated: "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." *Lafler v. Cooper*, __U.S.__, 132 S. Ct. 1376, 1387 (2012). In this case, defense counsel's erroneous advice about the withdrawal of Jones's guilty

pleas resulted in a trial and the imposition of a 420-month prison sentence. Jones's new sentence was double the 210-month prison term Jones was guaranteed if he had not withdrawn his pleas.

Even though the government's renewed plea offer recommended a sentence of 210 months, the government could not promise that Jones would receive that sentence. This is because the renewed offer called for Jones to plead guilty to a conspiracy charge that involved greater drug quantities than the previous possession with the intent to distribute charge, and because the ultimate imposition of sentence was discretionary with the district court. Jones suffered prejudice at the moment that counsel advised him to withdraw his guilty pleas following remand. After this point, Jones faced the previously dismissed charges, additional charges based on information he provided to the government, and an exponentially increased prison term.

The judgment of the district court is reversed and Jones's section 2255 motion is conditionally granted. The district court is instructed to allow the government ninety days to re-offer the original plea agreement and a 210-month sentence recommendation to Jones or, in the alternative, release him from custody. *See Titlow v. Burt*, 680 F.3d 577, 592 (6th Cir. 2012). If Jones accepts the original plea agreement, the district court shall impose the recommended 210-month sentence in order to remedy the violation of Jones's right to the effective assistance of counsel.