# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 10, 2012

No. 11-40378
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

JULIA MAY DAWES,

Defendant–Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-92-2

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant–Appellant Julia May Dawes, federal prisoner # 11455-078, filed a 28 U.S.C. § 2255 motion in which she alleged that she received ineffective assistance of counsel in a drug conspiracy prosecution. In support of her § 2255 motion, Dawes filed an affidavit in which she explained that her attorney, Michael Mosher, advised her to decline a plea offer of 37 to 46 months' imprisonment because he believed that she would face a sentence of only 51 to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40378

63 months if she went to trial and was convicted. She further contends that Mosher advised her that she would not be held responsible for drugs possessed or distributed by her co-conspirators. Dawes declined the plea offer, was convicted after a jury trial, and was sentenced to 151 months of imprisonment. In her § 2255 affidavit, Dawes contends that she would have accepted the plea offer if she had received proper legal advice.

The government answered and thereafter filed an affidavit from Mosher, in which he explained that Dawes declined the plea offer because she was not guilty and because she did not want to "lie and implicate innocent people," including her brother. Mosher also maintained that he properly advised Dawes of her sentencing exposure under the Sentencing Guidelines, although he could not recall the precise advice that he provided.

Despite these conflicting affidavits, the magistrate judge concluded that Dawes was not entitled to § 2255 relief because she "provided only her conclusory claim" in her motion. Dawes objected and requested an evidentiary hearing, but after a de novo review, the district court adopted the magistrate judge's recommendations, denied the § 2255 motion, and denied Dawes a certificate of appealability ("COA"). Upon Dawes's motion, this court granted a COA with respect to whether the district court erred in denying Dawes's ineffective assistance claim and in refusing to conduct an evidentiary hearing to resolve disputed issues of fact.

After this court granted a COA, the Supreme Court decided *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). In *Cooper*, the Court considered how the prejudice test of *Strickland v. Washington*, 466 U.S. 668 (1984), should be applied where "ineffective assistance [of counsel] results in a rejection of [a] plea offer and the defendant is convicted at the ensuing trial." 132 S. Ct. at 1384. To demonstrate prejudice in such circumstances, the Court explained, a defendant must show:

2

that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 1385.

The government now moves to remand this action so that the district court may conduct an evidentiary hearing to resolve contested factual issues created by the competing affidavits submitted by Dawes and Mosher. In light of the foregoing, we GRANT the government's unopposed motion to remand, VACATE the district court's order denying Dawes's § 2255 motion, and REMAND this case to the district court for further proceedings. Upon remand, the district court must conduct an evidentiary hearing to determine whether Dawes's attorney rendered ineffective assistance in light of *Cooper*, 132 S. Ct. 1376. If the district court finds that Dawes's attorney rendered ineffective assistance, it must also determine an appropriate remedy for this constitutional violation. *See id.* at 1388-91.