

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. AP-76,891 & AP-76,892

### Ex parte ANDREW KELLY ARGENT

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### FROM LIBERTY COUNTY

*Womack, J., delivered the opinion of the Court, in which Keller, P.J., and Meyers, Price, Keasler, Hervey, Cochran, and Alcala JJ., joined. Johnson, J., filed a dissenting opinion.*

Last year, the Supreme Court addressed the Sixth-Amendment standard for determining prejudice in cases of ineffective assistance of counsel during the plea-bargaining process. See *Missouri v. Frye*[1] and *Lafler v. Cooper*.[2] The effect of those decisions is the issue presented by the habeas-corpus applications that are now before us.

---

[1] 132 S. Ct. 1399, 182 L.Ed.2d 379 (2012).

[2] 132 S. Ct. 1376, 182 L.Ed.2d 398 (2012).

## I

 After rejecting a plea bargain of eight years imprisonment, the applicant pleaded guilty in open court and was convicted of aggravated sexual assault and indecency with a child by contact.[3] The judge assessed punishment of twenty years' confinement for each charge, to run concurrently.

The applicant filed two applications for writs of habeas corpus alleging that constitutionally ineffective assistance of counsel caused him to reject the State's plea-bargain offer. The judge of the convicting court found that trial counsel incorrectly told the applicant that he was eligible for judge-ordered community supervision and shock probation, when, under the statutes, only a jury's verdict recommending probation could result in shock probation and the judge could order only deferred adjudication.[4] The applicant contends that, had he known this, he would have accepted the State's offer of eight years.

We must determine the correct standard for granting habeas-corpus relief for ineffective assistance of counsel in plea bargaining.

## II

"There is no doubt that an accused is entitled to effective assistance of counsel during the plea bargaining process."[5] Before the Supreme Court announced a standard for prejudice when defendants were not informed of plea-bargain offers, or rejected them because of bad legal

---

[3] *See* TEX. PENAL CODE §§ 21.11 & 22.021.

[4] *See* TEX. CODE CRIM. PROC. art 42.12 §§ 3g & 5.

[5] *Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex. Cr. App. 1987) (citing *Hill v. Lockhart*, 474 U.S. 52 (1985)).

advice, this court created a standard in *Ex parte Lemke*.[6] We held that, when an applicant received ineffective assistance of counsel during plea negotiations, he was "prejudiced [simply] by the missed opportunity of accepting such bargain and presenting it to the trial court for consideration."[7] After examining the holdings of other jurisdictions, we concluded that the applicant did *not* need to show the trial court would have actually accepted the plea agreement.[8] We noted that a California court had suggested that a defendant may be required to prove as much, but we dismissed this, commenting that "we do not view after-the-fact speculation into whether or not the trial court would have granted the plea bargain as particularly meaningful."[9]

Twelve years later, the Supreme Court, in *Frye* and *Lafler*, chose to adopt the standard for prejudice that we had earlier dismissed:

> To show prejudice from ineffective assistance of counsel where a plea offer has ... been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. *Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it ....* To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.[10]

This standard demands more from applicants seeking to demonstrate that they received ineffective assistance of counsel.

---

[6] 13 S.W.3d 791, 796 (Tex. Cr. App. 2000).

[7] *Id.* There is nothing in *Lemke* or any of its supporting authority to indicate that our standard originated under Texas law; instead, it seems that *Lemke* was this Court's best prediction of what the federal constitutional standard for prejudice would be.

[8] *Id.*, at 796-97.

[9] *Id.*, at 797 n. 6.

[10] *Frye,* 132 S. Ct., at 1409 (emphasis added); *see also Lafler* 132 S. Ct. 1376.

In light of these decisions, may we still adhere to the standard we set in *Lemke*, or are we bound by the more demanding standard that the Supreme Court announced in *Frye* and *Lafler*?

**III**

It is well established that states are "entirely free to effectuate *under their own law* stricter standards than those [the Supreme Court has] laid down and to apply those standards in a broader range of cases than is required by" federal law.[11] In fact, *Frye* itself stated that it "established [only] the minimum requirements of the Sixth Amendment as interpreted in *Strickland* and [that] States have the discretion to add procedural protections under state law if they choose."[12] If our holding in *Lemke* had been based on state law, then, there would be no problem with our lower threshold for establishing prejudice. But, in the context of ineffective assistance of counsel claims, our state constitution usually does not supply any more protections than its federal counterpart, and it may supply less.[13]

Also, this court held more than twenty years ago that habeas corpus could not be used after conviction to bring claims based on at least some provisions of the Texas Constitution.

> In *Ex parte Truong*, 770 S.W.2d 810 (Tex. Cr. App. 1989), we essentially held that an allegation of error which, though of state constitutional dimension, is nevertheless subject to a harm analysis under Tex. R. App. P. 81(b)(2), "is at best voidable, and as such is not subject to a collateral attack by writ of habeas corpus." *Id.*, at 813. In *Mallory v. State*, 752 S.W.2d 566 (Tex. Cr. App. 1988), we held in no uncertain terms that error in admitting videotaped testimony under Article 38.071, § 2 [of the Code of Criminal Procedure] is subject to a harm analysis under Rule 81(b)(2). Consonant with our holding in *Ex parte Truong*, *supra*, we now hold applicant's claims, insofar as they depend upon Art. I, §§ 10

---

[11] *Danforth v. Minnesota,* 552 U.S. 264, 277 (2008) (emphasis added); *Johnson v. New Jersey,* 384 U.S. 719, 733 (1966).

[12] *Frye,* 132 S. Ct., at 1411.

[13] *Hernandez v. State*, 988 S.W.2d 770, 772-73 (Tex. Cr. App. 1999).

and 19 of the Texas Constitution, are not cognizable in a postconviction writ of habeas corpus brought pursuant to Article 11.07, *supra*.[14]

Consequently, our habeas-corpus decisions on the subject of ineffective assistance of counsel have long been limited to our interpretation of federal constitutional law.[15] Our holding in *Lemke* should be read as an interpretation of only federal law.

While we have authority to interpret state law, we "may not impose such greater restrictions as a matter of federal constitutional law when [the Supreme] Court specifically refrains from imposing them."[16] Such restrictions would be contrary to the Supremacy Clause of the United States Constitution.[17] In short, when a state court chooses to address the merits of a federal claim, its decision to grant or deny relief must accord with federal law.[18] Thus, to the extent that *Lemke* is inconsistent with *Frye* and *Lafler*, we have no choice but to overrule it.[19]

**IV**

We hold that to establish prejudice in a claim of ineffective assistance of counsel in which a defendant is not made aware of a plea-bargain offer, or rejects a plea-bargain because of bad legal advice, the applicant must show a reasonable probability that: (1) he would have

---

[14] *Ex parte Dutchover*, 776 S.W.2d 76, 77 (Tex. Cr. App. 1989).

[15] *See id.,* at 771 ("To the extent [our caselaw]... is inconsistent with *Strickland* on matters of federal constitutional law, we have no choice but to overrule it as we are obligated to follow United States Supreme Court precedent on matters of federal constitutional law.").

[16] *Arkansas v. Sullivan*, 532 U.S. 769, 772 (1988).

[17] *Hernandez*, 988 S.W.2d, at 772 (citing *Guzman v. State*, 959 S.W.2d 631, 633 (Tex. Cr. App. 1998)).

[18] *Yates v. Aiken*, 484 U.S. 211, 218 (1988); *Sullivan,* 532 U.S., at 772.

[19] It is worth noting that this change should not substantially affect the outcome of most cases. "It can be assumed that in most jurisdictions prosecutors and judges are familiar with the boundaries of acceptable plea bargains and sentences. So in most instances it should not be difficult to make an objective assessment as to whether or not a particular fact or intervening circumstance would suffice, in the normal course, to cause a prosecutorial withdrawal or judicial nonapproval of a plea bargain." *Frye*, 132 S. Ct. at 1410.

accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain.

We remand this case to the habeas court so that it may make findings consistent with this opinion.

Delivered: March 20, 2013.
Publish.