*160 Justice Kennedy
delivered the opinion of the Court.
In this case, as in Missouri v. Frye, ante, p. 134, also decided today, a criminal defendant seeks a remedy when inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less favorable outcome. In Frye, defense counsel did not inform the defendant of the plea offer; and after the offer lapsed the defendant still pleaded guilty, but on more severe terms. Here, the favorable plea offer was reported to the client but, on advice of counsel, was rejected. In Frye, there was a later guilty plea. Here, after the plea offer had been rejected, there was a full and fair trial before a jury. After a guilty verdict, the defendant received a sentence harsher than that offered in the rejected plea bargain. The instant case comes to the Court with the concession that counsel’s advice with respect to the plea offer fell below the standard of adequate assistance of counsel guaranteed by the Sixth Amendment, applicable to the States through the Fourteenth Amendment.
I
On the evening of March 25, 2003, respondent pointed a gun toward Kali Mundy’s head and fired. From the record, it is unclear why respondent did this, and at trial it was sug- *161 gested that he might have acted either in self-defense or in defense of another person. In any event the shot missed and Mundy fled. Respondent followed in pursuit, firing repeatedly. Mundy was shot in her buttock, hip, and abdomen but survived the assault.
Respondent was charged under Michigan law with assault • with intent to murder, possession of a firearm by a felon, possession of a firearm in the commission of a felony, misdemeanor possession of marijuana, and for being a habitual offender. On two occasions, the prosecution offered to dismiss some of the charges and to recommend a sentence of 51 to 85 months for the remaining charges, in exchange for a guilty plea. In a communication with the court respondent admitted guilt and expressed a willingness to accept the offer. Respondent, however, later rejected the offer on both occasions, allegedly after his attorney convinced him that the prosecution would be unable to establish his intent to murder Mundy because she had been shot below the waist. On the first day of trial the prosecution offered a significantly less favorable plea deal, which respondent again rejected. After trial, respondent was convicted on all counts and received a mandatory minimum sentence of 185 to 360 months’ imprisonment.
In a so-called Ginther hearing before the state trial court, see People v. Ginther, 390 Mich. 436, 212 N. W. 2d 922 (1973), respondent argued his attorney’s advice to reject the plea constituted ineffective assistance. The trial judge rejected the claim, and the Michigan Court of Appeals affirmed. People v. Cooper, No. 250583 (Mar. 15, 2005) (per curiam), App. to Pet. for Cert. 44a, 2005 WL 599740. The Michigan Court of Appeals rejected the claim of ineffective assistance of counsel on the ground that respondent knowingly and intelligently rejected two plea offers and chose to go to trial. The Michigan Supreme Court denied respondent’s application for leave to file an appeal. People v. Cooper, 474 Mich. 905, 705 N. W. 2d 118 (2005) (table).
*162 Respondent then filed a petition for federal habeas relief under 28 U. S. C. § 2254, renewing his ineffective-assistanee-of-counsel claim. After finding, as required by the Antiter-rorism and Effective Death Penalty Act of 1996 (AEDPA), that the Michigan Court of Appeals had unreasonably applied the constitutional standards for effective assistance of counsel laid out in Strickland v. Washington, 466 U. S. 668 (1984), and Hill v. Lockhart, 474 U. S. 52 (1985), the District Court granted a conditional writ. No. 06-11068 (ED Mich., Mar. 26, 2009), App. to Pet. for Cert. 41a-42a, 2009 WL 817712, *10. To remedy the violation, the District Court ordered “specific performance of [respondent’s] original plea agreement, for a minimum sentence in the range of fifty-one to eighty-five months.” Id., at *9, App. to Pet. for Cert. 41a.
The United States Court of Appeals for the Sixth Circuit affirmed, 376 Fed. Appx. 563 (2010), finding “[e]ven full deference under AEDPA cannot salvage the state court’s decision,” id., at 569. Applying Strickland, the Court of Appeals found that respondent’s attorney had provided deficient performance by informing respondent of “an incorrect legal rule,” 376 Fed. Appx., at 570-571, and that respondent suffered prejudice because he “lost out on an opportunity to plead guilty and receive the lower sentence that was offered to him,” id., at 573. This Court granted certiorari. 562 U. S. 1127 (2011).
II
A
Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. Frye, ante, at 144; see also Padilla v. Kentucky, 559 U. S. 356, 364 (2010); Hill, supra, at 57. During plea negotiations defendants are “entitled to the effective assistance of competent counsel.” McMann v. Richardson, 397 U. S. 759, 771 (1970). In Hill, the Court held “the two-part Strickland v. Washing *163 ton test applies to challenges to guilty pleas based on ineffective assistance of counsel.” 474 U. S., at 58. The performance prong of Strickland requires a defendant to show “ That counsel’s representation fell below an objective standard of reasonableness.’” 474 U. S., at 57 (quoting Strickland, 466 U. S., at 688). In this case all parties agree the performance of respondent’s counsel was deficient when he advised respondent to reject the plea offer on the grounds he could not be convicted at trial. In light of this concession, it is unnecessary for this Court to explore the issue.
The question for this Court is how to apply Strickland’s prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial.
B
To establish Strickland prejudice a defendant must “show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id., at 694. In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice. See Frye, ante, at 148 (noting that Strickland’s inquiry, as applied to advice with respect to plea bargains, turns on “whether The result of the proceeding would have been different’ ” (quoting Strickland, supra, at 694)); see also Hill, 474 U. S., at 59 (“The ... ‘prejudice ... ’ requirement... focuses on whether counsel’s constitutionally ineffective performance affected the outcome of the plea process”). In Hill, when evaluating the petitioner’s claim that ineffective assistance led to the improvident acceptance of a guilty plea, the Court required the petitioner to show “that there is a reasonable probability that, but for counsel’s errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.” Ibid.
In contrast to Hill, here the ineffective advice led not to an offer’s acceptance but to its rejection. Having to stand *164 trial, not choosing to waive it, is the prejudice alleged. In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i. e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer’s terms would have been less severe than under the judgment and sentence that in fact were imposed. Here, the Court of Appeals for the Sixth Circuit agreed with that test for Strickland prejudice in the context of a rejected plea bargain. This is consistent with the test adopted and applied by other appellate courts without demonstrated difficulties or systemic disruptions. See 376 Fed. Appx., at 571-573; see also, e. g., United States v. Rodriguez Rodriguez, 929 F. 2d 747, 753, n. 1 (CA1 1991) (per curiam); United States v. Gordon, 156 F. 3d 376, 380-381 (CA2 1998) (per curiam); United States v. Day, 969 F. 2d 39, 43-45 (CA3 1992); Beckham v. Wainwright, 639 F. 2d 262, 267 (CA5 1981); Julian v. Bartley, 495 F. 3d 487, 498-500 (CA7 2007); Wanatee v. Ault, 259 F. 3d 700, 703-704 (CA8 2001); Nunes v. Mueller, 350 F. 3d 1045, 1052-1053 (CA9 2003); Williams v. Jones, 571 F. 3d 1086, 1094-1095 (CA10 2009) (per curiam); United States v. Gaviria, 116 F. 3d 1498, 1512-1514 (CADC 1997) (per curiam).
Petitioner and the Solicitor General propose a different, far more narrow, view of the Sixth Amendment. They contend there can be no finding of Strickland prejudice arising 'from plea bargaining if the defendant is later convicted at a fair trial. The three reasons petitioner and the Solicitor General offer for their approach are unpersuasive.
First, petitioner and the Solicitor 'General claim that the sole purpose of the Sixth Amendment is to protect the. right to a fair trial. Errors before trial, they argue, are not cognizable under the Sixth Amendment unless they affect the fair *165 ness of the trial itself. See Brief for Petitioner 12-21; Brief for United States as Amicus Curiae 10-12. The Sixth Amendment, however, is not so narrow in its reach. Cf. Frye, ante, at 148 (holding that a defendant can show prejudice under Strickland even absent a showing that the deficient performance precluded him from going to trial). The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding. Its protections are not designed simply to protect the trial, even though “counsel’s absence [in these stages] may derogate from the accused’s right to a fair trial.” United States v. Wade, 388 U. S. 218, 226 (1967). The constitutional guarantee applies to pretrial critical stages that are part of the whole course of a criminal proceeding, a proceeding in which defendants cannot be presumed to make critical decisions without counsel’s advice. This is consistent, too, with the rule that defendants have a right to effective assistance of counsel on appeal, even though that cannot in any way be characterized as part of the trial. See, e. g., Halbert v. Michigan, 545 U. S. 605 (2005); Evitts v. Lucey, 469 U. S. 387 (1985). The precedents also establish that there exists a right to counsel during sentencing in both noncapital, see Glover v. United States, 531 U. S. 198, 203-204 (2001); Mempa v. Rhay, 389 U. S. 128 (1967), and capital cases, see Wiggins v. Smith, 539 U. S. 510, 538 (2003). Even though sentencing does not concern the defendant’s guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in Strickland prejudice because “any amount of [additional] jail time has Sixth Amendment significance.” Glover, supra, at 203.
The Court, moreover, has not followed a rigid rule that an otherwise fair trial remedies errors not occurring at the trial itself. It has inquired instead whether the trial cured the particular error at issue. Thus, in Vasquez v. Hillery, 474 U. S. 254 (1986), the deliberate exclusion of all African-Americans from a grand jury was prejudicial because a de *166 fendant may have been tried on charges that would not have been brought at all by a properly constituted grand jury. Id., at 263; see Ballard v. United States, 329 U. S. 187, 195 (1946) (dismissing an indictment returned by a grand jury from which women were excluded); see also Stirone v. United States, 361 U. S. 212, 218-219 (1960) (reversing a defendant’s conviction because the jury may have based its verdict on acts not charged in the indictment). By contrast, in United States v. Mechanik, 475 U. S. 66 (1986), the complained-of error was a violation of a grand jury rule meant to ensure probable cause existed to believe a defendant was guilty. A subsequent trial, resulting in a verdict of guilt, cured this error. See id., at 72-73.
In the instant case respondent went to trial rather than accept a plea deal, and it is conceded this was the result of ineffective assistance during the plea negotiation process. Respondent received a more severe sentence at trial, one 3½ times more severe than he likely would have received by pleading guilty. Far from curing the error, the trial caused the injury from the error. Even if the trial itself is free from constitutional flaw, the defendant who goes to trial instead of taking a more favorable plea may be prejudiced from either a conviction on more serious counts or the imposition of a more severe sentence.
Second, petitioner claims this Court refined Strickland’s prejudice analysis in Lockhart v. Fretwell, 506 U. S. 364 (1993), to add an additional requirement that the defendant show that ineffective assistance of counsel led to his being denied a substantive or procedural right. Brief for Petitioner 12-13. The Court has rejected the argument that Fretwell modified Strickland before and does so again now. See Williams v. Taylor, 529 U. S. 362, 391 (2000) (“The Virginia Supreme Court erred in holding that our decision in Lockhart v. Fretwell, 506 U. S. 364 (1993), modified or in some way supplanted the rule set down in Strickland”)-, see also Glover, supra, at 203 (“The Court explained last Term *167 [in Williams] that our holding in Lockhart does not supplant the Strickland analysis”).
Fretwell could not show Strickland prejudice resulting from his attorney’s failure to object to the use of a sentencing factor the Eighth Circuit had erroneously (and temporarily) found to be impermissible. Fretwell, 506 U. S., at 373. Because the objection upon which his ineffective-assistance-of-counsel claim was premised was meritless, Fretwell could not demonstrate an error entitling him to relief. The case presented the “unusual circumstance where the defendant attempts to demonstrate prejudice based on considerations that, as a matter of law, ought not inform the inquiry.” Ibid. (O’Connor, J., concurring). See also ibid, (recognizing “[t]he determinative question — whether there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different — remains unchanged” (internal quotation marks and citation omitted)). It is for this same reason a defendant cannot show prejudice based on counsel’s refusal to present perjured testimony, even if such testimony might have affected the outcome of the case. See Nix v. Whiteside, 475 U. S. 157, 175 (1986) (holding first that counsel’s refusal to present peijured testimony breached no professional duty and second that it cannot establish prejudice under Strickland).
Both Fretwell and Nix are instructive in that they demonstrate “there are also situations in which it would be unjust to characterize the likelihood of a different outcome as legitimate ‘prejudice,’” Williams, supra, at 391-392, because defendants would receive a windfall as a result of the application of an incorrect legal principle or a defense strategy outside the law. Here, however, the injured client seeks relief from counsel’s failure to meet a valid legal standard, not from counsel’s refusal to violate it. He maintains that, absent ineffective counsel, he would have accepted a plea offer for a sentence the prosecution evidently deemed consistent with the sound administration of criminal justice. The fa *168 vorable sentence that eluded.the defendant in the criminal proceeding appears to be the sentence he or others in his position would have received in the ordinary course, absent the failings of counsel. See Bibas, Regulating the Plea-Bargaining Market: From Caveat Emptor to Consumer Protection, 99 Cal. L. Rev. 1117, 1138 (2011) (“The expected post-trial sentence is imposed in only a few percent of cases. It is like the sticker price for cars: only an ignorant, ill-advised consumer would view full price as the norm and anything'less as a bargain”); see also Frye, ante, at 143-144. If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence.
It is, of course, true that defendants have “no right to be offered a plea . . . nor a federal right that the judge accept it.” Frye, ante, at 148. In the circumstances here, that is beside the point. If no plea offer is made, or a plea deal is accepted by the defendant but rejected by the judge, the issue raised here simply does not arise. Much the same reasoning guides cases that find criminal defendants have a right to effective assistance of counsel in direct appeals even though the Constitution does not require States to provide a system of appellate review at all. See Evitts, 469 U. S. 387; see also Douglas v. California, 372 U. S. 353 (1963). As in those cases, “when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution.” Evitts, supra, at 401.
Third, petitioner seeks to preserve the conviction obtained by the State by arguing that the purpose of the Sixth Amendment is to ensure “the reliability of [a] conviction following trial.” Brief for Petitioner 13. This argument, too, fails to comprehend the full scope of the Sixth Amendment’s protections; and it is refuted by precedent. Strickland rec *169 ognized “[t]he benchmark for judging any claim of ineffectiveness must be whether counsel’s conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.” 466 U. S., at 686. The goal of a just result is not divorced from the reliability of a conviction, see United States v. Cronic, 466 U. S. 648, 658 (1984); but here the question is not the fairness or reliability of the trial but the fairness and regularity of the processes that preceded it, which caused the defendant to lose benefits he would have received in the ordinary course but for counsel’s ineffective assistance.
There are instances, furthermore, where a reliable trial does not foreclose relief when counsel has failed to assert rights that may have altered the outcome. In Kimmelman v. Morrison, 477 U. S. 365 (1986), the Court held that an attorney’s failure to timely move to suppress evidence during trial could be grounds for federal habeas relief. The Court rejected the suggestion that the “failure to make a timely request for the exclusion of illegally seized evidence” could not be the basis for a Sixth Amendment violation because the evidence “is ‘typically reliable and often the most probative information bearing on the guilt or innocence of the defendant.’” Id., at 379 (quoting Stone v. Powell, 428 U. S. 465, 490 (1976)). “The constitutional rights of criminal defendants,” the Court observed, “are granted to the innocent and the guilty alike. Consequently, we decline to hold either that the guarantee of effective assistance of counsel belongs solely to the innocent or that it attaches only to matters affecting the determination of actual guilt.” 477 U. S., at 380. The same logic applies here. The fact that respondent is guilty does not meán he was not entitled by the Sixth Amendment to effective assistance or that he suffered no prejudice from his attorney’s deficient performance during plea bargaining.
In the end, petitioner’s three arguments amount to one general contention: A fair trial wipes clean any deficient performance by defense counsel during plea bargaining. That *170 position ignores the reality that criminal justice today is for the most part a system of pleas, not a system of trials. Ninety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas. See Frye, ante, at 143-144. As explained in Frye, the right to adequate assistance of counsel cannot be defined or enforced without taking account of the central role plea bargaining plays in securing convictions and determining sentences. Ibid. (“[I]t is insufficient simply to point to the guarantee of a fair trial as a backstop that inoculates any errors in the pretrial process”).
C
Even if a defendant shows ineffective assistance of counsel has caused the rejection of a plea leading to a trial and a more severe sentence; there is the question of what constitutes an appropriate remedy. That question must now be addressed.
Sixth Amendment remedies should be “tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.” United States v. Morrison, 449 U. S. 361, 364 (1981). Thus, a remedy must “neutralize the taint” of a constitutional violation, id., at 365, while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution, see Mechanik, 475 U. S., at 72 (“The reversal of a conviction entails substantial social costs: it forces jurors, witnesses, courts, the prosecution, and the defendants to expend further time, energy, and other resources to repeat a trial that has already once taken place; victims may be asked to relive their disturbing experiences”).
The specific injury suffered by defendants who decline a plea offer as a result of ineffective assistance of counsel and then receive a greater sentence as a result of trial can come in at least one of two forms. In some cases, the sole advantage a defendant would have received under the plea is a *171 lesser sentence. This is typieally the case when the charges that would have been admitted as part of the plea bargain are the same as the charges the defendant was convicted of after trial. In this situation the court may conduct an evidentiary hearing to determine whether the defendant has shown a reasonable probability that but for counsel’s errors he would have accepted the plea. If the showing is made, the court may exercise discretion in determining whether the defendant should receive the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between.
In some situations it may be that resentencing alone will not be full redress for the constitutional injury. If, for example, an offer was for a guilty plea to a count or counts less serious than the ones for which a defendant was convicted after trial, or if a mandatory sentence confines a judge’s sentencing discretion after trial, a resentencing based on the conviction at trial may not suffice. See, e. g., Williams, 571 F. 3d, at 1088; Riggs v. Fairman, 399 F. 3d 1179, 1181 (CA9-2005). In these circumstances, the proper exercise of discretion to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal. Once this has occurred, the judge can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed.
In implementing a remedy in both of these situations, the trial court must weigh various factors; and the boundaries of proper discretion need not be defined here. Principles elaborated over time in decisions of state and federal courts, and in statutes and rules, will serve to give more complete guidance as to the factors that should bear upon the exercise of the judge’s discretion. At this point, however, it suffices to note two considerations that are of relevance.
First, a court may take account of a defendant’s earlier expressed willingness, or unwillingness, to accept responsibility for his or her actions. Second, it is not necessary here *172 to decide as a constitutional rule that a judge is required to prescind (that is to say disregard) any information concerning the crime that was discovered after the plea offer was made. The time continuum makes it difficult to restore the defendant and the prosecution to the precise positions they occupied prior to the rejection of the plea offer, but that baseline can be consulted in finding a remedy that does not require the prosecution to incur the expense of conducting a new trial.
Petitioner argues that implementing a remedy here will open the floodgátes to litigation by defendants seeking to unsettle their convictions. See Brief for Petitioner 20. Petitioner’s concern is misplaced. Courts have recognized claims of this sort for over 30 years, see supra, at 164, and yet there is no indication that the system is overwhelmed by these types of suits or that deferidants are receiving windfalls as a result of strategically timed Strickland claims. See also Padilla, 559 U. S., at 371 (“We confronted a similar ‘floodgates’ concern in Hill,” but a “flood did not follow in that decision’s wake”). In addition, the “prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction.” Frye, ante, at 146. See also ante, at 146-147 (listing procedures currently used by various States). This, too, will help ensure against meritless claims.
H-1 H-1
The standards for ineffective assistance of counsel when a defendant rejects a plea offer and goes to trial must now be applied to this case. Respondent brings a federal collateral challenge to a state-court conviction. Under AEDPA, a federal court may not grant a petition for a writ of habeas corpus unless the state court’s adjudication on the merits was “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Su *173 preme Court of the United States.” 28 U. S. C. § 2254(d)(1). A decision is contrary to clearly established law if the state court “applies a rule that contradicts the governing law set forth in [Supreme Court] cases.” Williams v. Taylor, 529 U. S., at 405 (opinion for the Court by O’Connor, J.). . The Court of Appeals for the Sixth Circuit could not determine whether the Michigan Court of Appeals addressed respondent’s ineffective-assistance-of-counsel claim or, if it did, “what the court decided, or even whether the correct legal rule was identified.” 376 Fed. Appx., at 568-569.
The state court’s decision may not be quite so opaque as the Court of Appeals for the Sixth Circuit thought, yet the federal court was correct to note that AEDPA does not present a bar to granting respondent relief. That is because the Michigan Court of Appeals identified respondent’s ineffective-assistance-of-counsel claim but failed to apply Strickland to assess it. Rather than applying Strickland, the state court simply found that respondent’s rejection of the plea was knowing and voluntary. 2005 ,WL 599740, *1, App. to Pet. for Cert. 45a. An inquiry into whether the rejection of a plea is knowing and voluntary, however, is not the correct means by which to address a claim of ineffective assistance of counsel. See Hill, 474 U. S., at 57 (applying Strickland to assess a claim of ineffective assistance of counsel arising out of the plea negotiation process). After stating the incorrect standard, moreover, the state court then made an irrelevant observation about counsel’s performance at trial and mischaracterized respondent’s claim as a complaint that his attorney did not obtain a more favorable plea bargain. By failing to apply Strickland to assess the ineffective-assistance-of-counsel claim respondent raised, the state court’s adjudication was contrary to clearly established federal law. And in that circumstance the federal courts in this habeas action can determine the principles necessary to grant relief. See Panetti v. Quarterman, 551 U. S. 930, 948 (2007).
*174 Respondent has satisfied Strickland’s two-part test. Regarding performance, perhaps it could be accepted that it is unclear whether respondent’s counsel believed respondent could not be convicted for assault with intent to murder as a matter of law because the shots hit Mundy below the waist, or whether he simply thought this would be a persuasive argument to make to the jury to show lack of specific intent. And, as the Court of Appeals for the Sixth Circuit suggested, an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance. Here, however, the fact of deficient performance has been conceded by all parties. The case comes to us on that assumption, so there is no need to address this question.
As to prejudice, respondent has shown that but for counsel’s deficient performance there is a reasonable probability he and the trial court would have accepted the guilty plea. See 376 Fed. Appx., at 571-572. In addition, as a result of not accepting the plea and being convicted at trial, respondent received a minimum sentence 3½ times greater than he would have received under the plea. The standard for ineffective assistance under Strickland has thus been satisfied.
As a remedy, the District Court ordered specific performance of the original plea agreement. The correct remedy in these circumstances, however, is to order the State to reoffer the plea agreement. Presuming respondent accepts the offer, the state trial court can then exercise its discretion in determining whether to vacate the convictions and resen-tence respondent pursuant to the plea agreement, to vacate only some of the convictions and resentence respondent accordingly, or to leave the convictions ánd sentence from trial undisturbed. See Mich. Ct. Rule 6.302(C)(3) (2011) ("If there is a plea agreement and its terms provide for the defendant’s plea to be made in exchange for a specific sentence disposition or a prosecutorial sentence recommendation, the court may . . . reject the agreement”). Today’s decision *175 leaves open to the trial court how best to exercise that discretion in all the circumstances of the case.
The judgment of the Court of Appeals for the Sixth Circuit is vacated, and the case is remanded for further proceedings consistent with this opinion.
It is so ordered.