On respondent's petition for reconsideration filed July 25, reconsideration allowed; former opinion (250 Or App 767, 281 P3d 661) clarified and adhered to as clarified September 12, 2012

MERVIN BARTEAUX,
*Petitioner-Appellant,*

*v.*

Don MILLS,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV081141; A145272

286 P3d 1243

Mary H. Williams, Deputy Attorney General, Anna M. Joyce, Solicitor General, and David B. Thompson, Assistant Attorney General, for petition.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant has petitioned us to reconsider our decision that reversed and remanded the post-conviction judgment in this case, seeking, among other things, clarification of the tasks for the parties and the post-conviction court on remand. We allow the petition to provide the requested clarification.

In assessing a claim that trial counsel in petitioner's criminal case provided inadequate legal assistance, the post-conviction court proceded from what has now been confirmed in *Lafler v. Cooper*, ___ US ___, 132 S Ct 1376, 182 L Ed 2d 398 (2012), and *Missouri v. Frye*, ___ US ___, 132 S Ct 1399, 182 L Ed 2d 379 (2012), to have been a false first premise. Accordingly, as defendant posits in his reconsideration petition, the "court intends for the parties and the post-conviction court to simply start over (*i.e.*, to consider anew both the deficient-performance question and the prejudice question), now that *Frye* and *Lafler*" have been decided.

Reconsideration allowed; former opinion clarified and adhered to as clarified.