FILED
United States Court of Appeals
Tenth Circuit

April 23, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: LEO D. GRAHAM,

Movant.

No. 13-3082
(D.C. No. 6:99-CR-10023-JTM-2)
(D. Kan.)

---

**ORDER**

---

Before **HARTZ**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

**PER CURIAM**.

---

In 2000, Leo D. Graham pleaded guilty to one count of armed bank robbery. He did not appeal, but later he unsuccessfully sought relief under 28 U.S.C. § 2255. *See United States v. Graham*, 312 F. App'x 79 (10th Cir. 2008). He now moves for authorization to file a second or successive § 2255 motion based on *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). We deny authorization.

Congress has placed strict limitations on second or successive § 2255 motions, requiring that a movant obtain this court's authorization before filing in district court. *See* 28 U.S.C. § 2255(h). To obtain authorization based on *Frye* and *Lafler*, Mr. Graham must show that these decisions establish "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable." *Id.* § 2255(h)(2). To date, however, every circuit court to consider the question has held that *Frye* and *Lafler* do not establish a new rule of constitutional law. *See Gallagher v. United States*, __ F.3d __, No. 13-547, 2013 WL 1235668, at *1 (2d Cir. Mar. 28, 2013) (per curiam); *Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (per curiam); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012) (per curiam); *Hare v. United States*, 688 F.3d 878, 879, 881 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932-34 (11th Cir. 2012) (per curiam). We substantially agree with the reasoning of those decisions. We did not hold to the contrary in *United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012).

Both *Frye* and *Lafler* concern the Sixth Amendment right to the effective assistance of counsel in the plea bargaining process. *Frye* held that counsel's failure to inform his client of a plea offer may constitute ineffective assistance of counsel. 132 S. Ct. at 1408, 1410-11. *Lafler* held that an attorney who rendered constitutionally deficient advice to reject a plea bargain was ineffective where his advice caused his client to reject the plea and go to trial, only to receive a much harsher sentence. 132 S. Ct. at 1383, 1390-91. In each case, the Court reached its decision by applying the well-established principles regarding the assistance of counsel that were initially set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Frye*, 132 S. Ct. at 1409-11; *Lafler*, 132 S. Ct. at 1384, 1390-91.

"[T]he Supreme Court's language in *Lafler* and *Frye* confirm that the cases are merely an application of the Sixth Amendment right to counsel, as defined in *Strickland*, to a specific factual context." *Perez*, 682 F.3d at 932; *see also Hare*, 688 F.3d at 879 ("The *Frye* Court merely applied the Sixth Amendment right to effective assistance of counsel according to the test first articulated in *Strickland* . . ."). Accordingly, "*Lafler* and *Frye* are not new rules because they were dictated by *Strickland*." *Perez*, 682 F.3d at 933; *see also Buenrostro*, 697 F.3d at 1140 ("Because the Court in *Frye* and *Lafler* repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government.").

Moreover, "any doubt as to whether *Frye* and *Lafler* announced new rules is eliminated because the Court decided these cases in the post conviction context." *Perez*, 682 F.3d at 933; *see also Hare*, 688 F.3d at 879. *Lafler* recognized that for a federal court to grant habeas relief, the state court's decision must be contrary to or an unreasonable application of clearly established federal law, and it held that the state court's failure to apply *Strickland* was contrary to clearly established federal law. *See Lafler*, 132 S. Ct. at 1390; *see also Williams v. Jones*, 571 F.3d 1086, 1090-91 (10th Cir. 2009) (recognizing *Strickland* as clearly established federal law with regard to a habeas claim that counsel was constitutionally deficient when he persuaded the applicant to reject a plea bargain). But where the law is clearly

- 3 -

established, then the rule "must, by definition, have been an old rule," not a new one. *Perez*, 682 F.3d at 933; *see also Hare*, 688 F.3d at 879.

*Frye* and *Lafler* do not satisfy § 2255(h)(2) because they do not establish a new rule of constitutional law. Mr. Graham's motion for authorization therefore is denied. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).