**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

v.

GEORGE ERMAN DAGO,

Defendant−Appellant.

No. 13-1158
(D.C. Nos. 1:13-CV-00735-REB and
1:92-CR-00245-REB-1)
(D. Colo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **EBEL**, and **MATHESON**, Circuit Judges.

George Erman Dago, a federal prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's dismissal of his second

28 U.S.C. § 2255 motion for lack of jurisdiction. We deny a COA and dismiss the

matter.

Mr. Dago was convicted in 1992 of multiple counts related to drug trafficking

and sentenced to 360 months' imprisonment. On appeal, we vacated several of his

convictions and some special assessments, but these issues did not affect the total

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

length of his prison term. *See United States v. Dago,* No. 93-1042, 1994 WL 387836, at \*1, \*7 (10th Cir. July 26, 1994). He timely filed a 28 U.S.C. § 2255 motion, which the district court denied. He sought a COA and we granted it on four issues, but we ultimately affirmed the district court's judgment. *See United States v. Dago*, 441 F.3d 1238, 1241-42 (10th Cir. 2006).

In September 2012, Mr. Dago filed a motion for authorization to file a second or successive § 2255 motion seeking to raise a claim that his counsel was ineffective for failing to present him with a favorable plea offer received from the government. In support of his motion, he cited to the Supreme Court's decisions in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). He argued that these decisions adopted new rules of constitutional law that entitled him to authorization under § 2255(h)(2). We denied authorization without reaching that question because the Supreme Court had not made the decisions "retroactive to cases on collateral review," as required by § 2255(h)(2). *In re Dago*, No. 12-1353, Order at 2-3 (10th Cir. Oct. 4, 2012).

In March 2013, Mr. Dago filed a second § 2255 motion. The district court determined that it was an unauthorized second or successive motion and dismissed it for lack of jurisdiction. Mr. Dago now seeks a COA to appeal that dismissal.

To obtain a COA, Mr. Dago must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Mr. Dago's first § 2255 motion was denied on the merits. He then sought authorization to file a second or successive § 2255 motion and it was denied. Even though he lacked authorization to do so, he filed a second § 2255 motion challenging the same convictions and sentence as his first § 2255 motion. The district court properly determined that Mr. Dago had filed an unauthorized second or successive § 2255 motion.

In his COA application, Mr. Dago seeks to rely on *Lafler* and *Cooper* to establish that his claims are not successive. This is the same argument that he made in his motion for authorization, which we denied. And we recently joined six other circuits in holding that these Supreme Court decisions do not establish a new rule of constitutional law. *See In re Graham*, 714 F.3d 1181, 1182-83 (10th Cir. 2013) (per curiam). The district court therefore properly exercised its discretion not to transfer the motion and to dismiss it for lack of jurisdiction instead. *See Cline*, 531

F.3d at 1252 (explaining that district court may transfer unauthorized second or successive § 2255 motion to this court "if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion . . . for lack of jurisdiction.").

Reasonable jurists could not debate that the district court was correct to treat Mr. Dago's new § 2255 motion as an unauthorized second or successive § 2255 motion and dismiss it for lack of jurisdiction. Accordingly, we deny a COA and dismiss this matter. We grant Dago's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk