FILED
United States Court of Appeals
Tenth Circuit

April 8, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN FRANK SHERIDAN,

Defendant - Appellant.

No. 13-2204
(D.C. Nos. 2:13-CV-00225-WJ-GBW
and 1:10-CR-01956-WJ-1)
(D. of N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

John Frank Sheridan, a federal prisoner proceeding *pro se,* seeks a certificate of appealability (COA) to appeal the district court's decision denying his habeas petition under 28 U.S.C. § 2255 as untimely. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we DENY a COA and DISMISS the appeal. We do, however, grant Sheridan's request to proceed *in forma pauperis* (IFP).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

In February 2011, Sheridan pleaded guilty to federal drug charges and was sentenced to 100 months of imprisonment. He did not directly appeal, and the one-year limitations period to file a habeas corpus petition came and went. But in 2013, Sheridan sought habeas relief under 28 U.S.C. § 2255, alleging several constitutional claims.

After Sheridan failed to directly respond to two orders to show cause why his petition should not be dismissed as untimely, a magistrate judge recommended that the district court dismiss his action with prejudice. Soon after the magistrate judge's recommendation issued, Sheridan filed a response to the second show cause order and later filed objections to the magistrate judge's recommendation. To address the untimeliness of his petition, Sheridan set forth several reasons for equitable and statutory tolling of the limitations period. Finding these grounds for tolling unavailing, the district court adopted the recommendation of the magistrate judge and dismissed the habeas petition as time barred.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "[t]he issuance of a COA is a jurisdictional prerequisite to an appeal" from the district court's denial of habeas relief. *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). When, as here, the district court denies the habeas petition on procedural grounds, a COA can issue only when the prisoner demonstrates that

"jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Pursuant to § 2255, a federal prisoner has one year from the latest of several dates to file a motion attacking his sentence. In most instances, the applicable date is the day on which the conviction became final. 28 U.S.C. § 2255(f)(1); *see also Clay v. United States*, 537 U.S. 522, 524 (2003). Since Sheridan's conviction was finalized as of February 2011, his habeas petition was untimely under this subsection.

To overcome this deficiency, Sheridan attempts to avail himself of the other subsections of § 2255(f), which provide means to statutorily toll the limitations period. But none of these grounds for statutory tolling is available to Sheridan based on the facts of his conviction and sentence. Nor can Sheridan benefit from equitable tolling because, as the district court found, he has not demonstrated either extraordinary circumstances that prevented timely filing or a diligent pursuit of his rights. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

### A. Statutory Tolling

Contrary to Sheridan's assertions, § 2255(f)(3) is inapplicable to the present case. That subsection effectively starts the limitations period under § 2255 from the date the Supreme Court recognizes (and makes retroactively

applicable) a new constitutional right. Sheridan claims that two Supreme Court cases from 2012—*Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012)—established a new constitutional right to effective assistance of counsel during plea bargaining. To be sure, that right is an important one, but it existed well before the Supreme Court reiterated its constitutional gravity in *Frye* and *Lafler*. *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013) ("*Frye* and *Lafler* . . . do not establish a new rule of constitutional law."). Because neither *Frye* nor *Lafler* establishes a newly recognized right in the first instance, we need not address whether the rules from those cases have been made retroactively applicable.

Sheridan also tries to make use of § 2255(f)(2), which extends the limitations period to one year from the removal of a government-created impediment in violation of the Constitution or a United States law that prevented the prisoner from timely filing. Following Sheridan's line of reasoning under this subsection is challenging, but, in an effort to construe his filing liberally, *see Hall v. Bellmon*, 935 F.2d 1106 (1991), we endeavor to consider its merits. Sheridan's argument stems from a news article released in August 2013, which purportedly exposed a clandestine DEA operation that violated the rights of criminal defendants by shielding evidence from pre-trial discovery. According to Sheridan, this alleged "egregious pattern and practice of unconstitutional conduct" resulted in his arrest. *See* Aplt. Br. at 15. Moreover, Sheridan alleges

-4-

that he was aware of this unconstitutional practice prior to his plea and sought to challenge it through a suppression hearing; however, his counsel "botched" it. *Id.* at 16.

Unfortunately for Sheridan, he is unable to explain how the alleged unconstitutional practice prohibited him from accessing the court to "attack his sentence or to challenge the conditions of his confinement," which is required for statutory tolling under § 2255(f)(2). *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000). In other words, the DEA's practices did not impede him from filing his habeas motion. Moreover, Sheridan's claim that he was put on notice of his constitutional claim when the news article was released in August 2013 is belied by his brief, which asserts that he intended to raise this very issue during a suppression hearing back in 2011. Equipped with knowledge of his alleged constitutional claim by at least the time of his plea, Sheridan had no excuse for delaying the filing of his habeas motion for almost two years. For these reasons, the district court's procedural ruling on the inapplicability of statutory tolling cannot be reasonably questioned.

### B. Equitable Tolling

"To be entitled to equitable tolling, [appellant] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence*, 549 U.S. at 336 (internal citation and quotation marks omitted). Equitable tolling is only

appropriate in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Consideration of the second prong—extraordinary circumstances—is sufficient to dispose of Sheridan's claim. Indeed, we agree with the thorough analysis of the district court, which demonstrates that Sheridan's allegations for deliberate misconduct and concealment by both his counsel and the prosecution are completely inconsistent with the record. Quite simply, there is no factual basis for a claim of "extraordinary circumstances" that would warrant equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (finding that the inmate must meet his burden by showing specific facts that demonstrate "extraordinary circumstances"). No reasonable jurist could debate the district court's correct conclusion regarding the absence of facts necessary to establish a claim for equitable tolling.

## III. Conclusion

We GRANT leave to proceed IFP, but DENY a COA and DISMISS Sheridan's appeal.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge