FILED
United States Court of Appeals
Tenth Circuit

**July 25, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL LYNN CRISP,

    Defendant - Appellant.

No. 13-5146
(D.C. Nos. 4:12-CV-00264-GKF-FHM
and 4:08-CR-00158-GKF-1)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

Defendant Michael Crisp, a federal prisoner, filed a motion for relief under

28 U.S.C. § 2255 in the United States District Court for the Northern District of

Oklahoma. The district court denied his motion as untimely. Defendant now seeks a

certificate of appealability (COA) from this court to pursue an appeal. *See* 28 U.S.C.

§ 2253(c)(1)(B) (requiring a COA to appeal denial of § 2255 application). He argues that

his motion was not untimely because it came within one year of Supreme Court decisions

establishing a newly recognized right. He also challenges 10th Cir. R. 22.1(A), which

requires applicants to file a brief when seeking a COA from this court. We deny a COA, reject the challenge to our local rule, and dismiss the appeal.

## I.    BACKGROUND

Defendant was indicted for possession with intent to distribute more than 50 grams of cocaine base. The cocaine was discovered after a search of his mother's home. Defendant challenged admission of the cocaine in the district court, arguing that the search exceeded the scope of his mother's consent. He also challenged the admission of self-incriminating statements. After the district court denied the motions to suppress, Defendant pleaded guilty under a plea agreement and generally waived his right to appeal, but he preserved his rights to appeal the decision on the motions to suppress and to file claims in a § 2255 motion "based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver." Plea Agreement at 3, *United States v. Crisp*, No. 08-CR-158-GKF (N.D. Okla. Nov. 25, 2008). He was sentenced to 276 months' imprisonment. He appealed the refusal to suppress his self-incriminating statements, although not the denial of his motion to suppress the cocaine, and this court affirmed his conviction. *See United States v. Crisp,* 371 F. App'x 925 (10th Cir. 2010).

Our decision on Defendant's appeal was filed on April 5, 2010. Defendant did not seek rehearing or petition for certiorari. On May 7, 2012, he filed a pro se motion for relief under § 2255, arguing (1) that a previous conviction did not qualify as a felony conviction under federal law and should not have been used to enhance his sentence, and (2) that the search of his mother's house was unlawful. The government moved to

dismiss the motion on the grounds that it was untimely and that Defendant raised issues waived in the plea agreement. Defendant retained counsel and moved to amend his § 2255 motion to include a claim for ineffective assistance of appellate counsel based on counsel's failure to appeal the district court's denial of his motion to suppress evidence found in the search. The district court dismissed the § 2255 motion as untimely, and Defendant now seeks a COA from this court.

## II.     DISCUSSION

### A.      Standard of Review

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either

3

that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* While the inquiry into whether a COA should issue "does not require full consideration of the factual or legal bases adduced in support of the claims," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), "[a] prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part," *id.* at 338 (internal quotation marks omitted).

## B. Timeliness of Habeas Petition

Defendant's sole argument in support of timeliness is that reasonable jurists could debate whether his § 2255 motion was filed within one year of the initial recognition by the Supreme Court of a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). He relies on the Supreme Court decisions in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), both of which addressed a defendant's right to effective assistance of counsel when entering a guilty plea. But neither decision recognized a new right.

Defendant concedes that we held in *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013), that *Frye* and *Lafler* "do not establish a new rule of constitutional law." Nevertheless, he attempts to distinguish *Graham* on the ground that it was not applying § 2255(f), but rather § 2255(h), which concerns whether a prisoner is allowed to bring a second or successive § 2255 motion. We are not persuaded. We resolved the substance of Defendant's issue in *Graham* when we observed that "[t]he Supreme Court's language

4

in *Lafler* and *Frye* confirm that the cases are merely an application of the Sixth Amendment right to counsel, as defined in *Strickland* [*v. Washington*, 466 U.S. 668 (1984)], to a specific factual context." 714 F.3d at 1183 (internal quotation marks omitted). Of particular significance is that both *Frye* and *Lafler* were decided in postconviction proceedings. Thus, the prisoners in those cases were able to obtain relief only because of a violation of "clearly established federal law," as determined by the Supreme Court. *Graham*, 714 F.3d at 1183; *see Lafler*, 132 S. Ct. at 1390. The rationale for the exception to the usual limitations period provided by § 2255(f)(3) is to give prisoners an opportunity to bring claims when they could not have known of their rights before a recent Supreme Court decision. That rationale could not apply here. After all, the controlling law had long been "clearly established." Defendant could have followed the example of Lafler, who had known to bring his claim under 28 U.S.C. § 2254 well before Defendant filed his direct appeal in this case. Hence, we hold that Defendant's § 2255 motion was untimely. *See United States v. Sheridan*, No. 13-2204, 2014 WL 1363971, at *2 (10th Cir. Apr. 8, 2014) (rejecting reliance on *Frye* and *Lafler* to obtain tolling under § 2255(f)(3)); *United States v. Lawton*, 506 F. App'x 722, 726 (10th Cir. 2012) (same).

Defendant also argues that these, and similar decisions in other circuits, should be ignored because they all apply the retroactivity analysis outlined in *Teague v. Lane*, 489 U.S. 288 (1989), and that analysis does not apply to federal convictions challenged under § 2255. We have held, however, that "*Teague*'s nonretroactivity doctrine applies equally

5

to habeas petitions brought under sections 2254 and 2255." *Daniels v. United States*, 254 F.3d 1180, 1194 (10th Cir. 2001) (en banc).

No reasonable jurist would debate the district court's determination that *Frye* and *Lafler* did not announce a new constitutional right that would extend the limitations period under § 2255(f)(3).

### C.     Challenge to Local Rule 22.1

Defendant also argues that our local rule 22.1(A) is unlawful.  The rule reads: "Required form.  Although a notice of appeal constitutes a request for a certificate of appealability, the appellant must also file a brief.  The circuit clerk will provide pro se appellants a form for this purpose which serves as both a brief and a request for a certificate."  10th Cir. R. 22.1(A).  Defendant asserts that this rule is contrary to Fed. R. App. P. 27(a)(1), which states that an application for an order (which presumably includes a request for a COA) should be made by motion, and to 28 U.S.C. § 2253(c), which states that appellate courts lack jurisdiction to hear the merits of a § 2255 appeal until a COA has been granted.

We reject Defendant's challenge to our local rule.  The rule does not violate any rule of appellate procedure or any statute.  There is nothing unusual about requiring briefs in support of motions.  And we cannot grant a COA unless we are persuaded that there is some merit to the applicant's claims on the merits.  If Defendant is simply complaining about our nomenclature for memoranda that are obviously necessary for the performance

of our work, he is being silly. If he is complaining about the substance of what this court requires for it to resolve his request for a COA, he is being obtuse.

## III.    CONCLUSION

We DENY the application for a COA and DISMISS the appeal.


ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge