PER CURIAM:
Granted. The court of appeal ruling that granted defendant an evidentiary hearing on his claim of ineffective assistance of counsel is reversed for the reasons assigned by Judge Crain in his dissent. Relator's allegation that counsel's performance was deficient when conveying the 15-year plea deal offered to him by the state, which relator rejected, is conclusory and unsupported. The district court did not err in rejecting it summarily. La.C.Cr.P. art. 929. As noted by Judge Crain,
The courts cannot bear the burden of an evidentiary hearing every time a plea offer is rejected, so that counsel can explain his rationale. Here, counsel did not fail to present a plea offer to the defendant. Contrast Missouri v. Frye , 566 U.S. 134, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). Nor does relator allege that counsel advised him to reject the plea offer based upon an erroneous legal principle. Contrast Lafter [Lafler v. Cooper , 566 U.S. 156, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012) ]. By ordering an evidentiary hearing, the majority extends both Frye and Lafler beyond their respective fact situations, which I would not do. The 15-year plea offer expired the same day relator rejected it. Later, facting the possibility of a fourth offense habitual offender bill of information, relator accepted a harsher plea agreement and was sentenced as a second-felony habitual offender to tweny years imprisonment. The later plea was voluntarily and intelligently made following a textbook Boykin exchange between relator, his attorney, and the trial court, during which relator voiced no complaint regarding the earlier rejected plea offer.
State v. Johnson , 16-1471 (La. App. 1 Cir. 2/21/17), 2017 WL 700484 (unpub'd) (Crain, J., dissenting). Therefore, the district court's ruling denying relator's application for post-conviction relief is reinstated.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
REVERSED
JOHNSON, C.J. would deny the writ and affirm.
Hughes, J., would deny the writ and affirm the court of appeal.
GENOVESE, Justice, would deny the writ and affirm the Court of Appeal.