Filed 12/4/24  P. v. Guillen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082742 |
| v. | (Super.Ct.No. RIF2101300) |
| JULIO GARCIA GUILLEN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge.  Affirmed.

Matthew David Kohn for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Joshua Trinh, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Julio Garcia Guillen of six counts of lewd and lascivious acts against his daughter, who was under the age of 14 at the time of the offenses. (Pen. Code, § 288, subd. (a); unlabeled statutory citations refer to this code.) In a bifurcated proceeding, Guillen admitted two aggravating circumstances as to each count. (Cal. Rules of Court, rule 4.421(a)(3), (a)(11).) On appeal, Guillen argues that his attorney provided ineffective assistance by failing to procure a plea offer. He also challenges his admission of the aggravating circumstance allegations. We affirm.

BACKGROUND

In June 2023, the Riverside County District Attorney filed an amended information charging Guillen with six counts of lewd and lascivious acts against a child under the age of 14. (§ 288, subd. (a).) The information also alleged as to each count the aggravating circumstances that (1) the victim was particularly vulnerable and (2) Guillen took advantage of a position of trust and confidence to commit the offense. (Cal. Rules of Court, rule 4.421(a)(3), (a)(11).) Before trial, the court granted Guillen's motion to bifurcate trial on the aggravating circumstance allegations.

At trial, the prosecution presented evidence that Guillen repeatedly molested his daughter over a period beginning when she was six and ending when she was 13. The jury found Guillen guilty on all six counts, and Guillen admitted the truth of the aggravating circumstance allegations as to each count. The trial court sentenced Guillen to a total term of 16 years in prison, consisting of six years (the midterm) for count 1, plus consecutive two-year terms (one-third the midterm) for counts 2 through 6.

2

# DISCUSSION

## I. *Ineffective assistance of counsel*

Before his sentencing hearing, Guillen replaced his retained trial counsel with a different retained counsel, who also represents Guillen on this appeal. At the beginning of the sentencing hearing, counsel stated, "I have questions for the prosecutor as to putting on the record what the original plea bargain was." The prosecutor responded that plea negotiations ended "very early on" in the proceedings, because defense counsel had informed the prosecution that Guillen "did not wish to enter a plea to the charged offenses," and the People "were not interested in amending any of those charges." Counsel replied, "the question was whether or not there was a plea bargain offer," which prompted the following exchange:

> THE COURT: I don't know if there was or wasn't, but we're here for sentencing.
>
> COUNSEL: I understand that, your Honor, but if there wasn't a plea bargain offer, my client didn't have a choice to make.
>
> THE COURT: Actually, he did. [The prosecutor] just said he didn't want any deals.
>
> COUNSEL: No. He doesn't have—there's no record of that. There would have been a record if there was a plea bargain offer made.
>
> THE COURT: We're here for sentencing, sir. I don't know what you're talking about.

On appeal, Guillen argues that his trial counsel rendered ineffective assistance by failing to procure a plea offer from the prosecution before trial.  He argues that, "[i]n absence of a plea offer, the jury trial was [his] only choice, which is not a free choice."  The claim lacks merit.

"To demonstrate that a defendant has received constitutionally inadequate representation by counsel, he or she must show that (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; *and* (2) counsel's deficient performance subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*In re Alvernaz* (1992) 2 Cal.4th 924, 936-937.)  Guillen's claim of ineffective assistance fails because criminal defendants are not entitled to a plea offer.  (*Lafler v. Cooper* (2012) 566 U.S. 156, 168 (*Lafler*) ["[D]efendants have 'no right to be offered a plea"].)  Thus, as a matter of law, defense counsel's failure to procure a plea offer from the prosecution does not constitute deficient representation.

Guillen's reliance on *Lafler* and *Missouri v. Frye* (2012) 566 U.S. 134 is misplaced, because in those cases the prosecution made plea offers to the defendants.  "If a plea bargain has been offered, [then] a defendant has the right to effective assistance of counsel in considering whether to accept it." (*Lafler*, *supra*, 566 U.S. at p. 168.)  However, "[i]f no plea offer is made, . . . the issue [of ineffective assistance of counsel] simply does not arise." (*Ibid.*)  The issue of ineffective assistance never arose in this

case, because Guillen did not want to plead to the charged offenses and the prosecution was unwilling to amend the charges. (See *Weatherford v. Bursey* (1977) 429 U.S. 545, 561 ["[T]he prosecutor need not [make a plea offer] if he prefers to go to trial"].)

II. *Admission of the aggravating circumstance allegations*

After the jury reached its verdict but before the verdict was announced, the court asked Guillen how he wished to proceed on the bifurcated aggravating circumstance allegations. The court explained to Guillen that if the jury found him not guilty, then the allegations would become "a nonissue," the jury would be discharged, and "[e]verybody goes home." If, however, the jury found him guilty, then the allegations would become "something we need to address." Defense counsel responded that Guillen planned to admit the allegations if the jury returned a guilty verdict.

In response to counsel's representation, the court explained to Guillen the consequences of waiving the right to a jury or bench trial on the allegations and admitting them as true, and Guillen responded that he understood the consequences and wanted to waive. The court then asked Guillen if he had any questions, and Guillen responded, "I'm innocent." The court clarified that it was asking whether Guillen had any questions "about what we went over as far as waiving your rights on the aggravating factors," and he replied, "No."[RT 366} The court found that Guillen's waiver was knowing and voluntary. After the jury announced its guilty verdict and was discharged, Guillen admitted the aggravating circumstance allegations as to all six counts.

5

On appeal, Guillen appears to raise two challenges to his admission of the aggravating circumstance allegations. He argues that the trial court's "post-conviction procedure to determine enhancements" violated his Fourteenth Amendment due process rights, because the procedure was "backward, out of sequence, and not logical." (Because no enhancements were alleged in this case, we interpret Guillen's use of the term "enhancements" to refer to the aggravating circumstance allegations.) Guillen also argues that because he said "I'm innocent" when the court asked if he had any questions, he "was not freely and voluntarily waiving any of his due process rights."

As an initial matter, Guillen forfeited his challenges by failing to develop them with reasoning and support them with legal authority. It is the appellant's burden to demonstrate error, and "[p]oints 'perfunctorily asserted without argument [or legal authority] in support' are not properly raised." (*People v. Williams* (1997) 16 Cal.4th 153, 206; see also *People v. Jones* (1998) 17 Cal.4th 279, 304 ["[the defendant] presents this claim perfunctorily and without supporting argument, and we reject it in similar fashion"].) Guillen's entire argument consists of the assertions that we quoted above. He does not provide any legal authority to support his claims of error, and he fails to explain how the trial court erred or how his due process rights were infringed. He has therefore failed to carry his burden on appeal, and we deem his challenges forfeited.

In any event, Guillen has not demonstrated error. As far as we can tell from his assertion that the court's waiver procedure was "backward," Guillen seems to object to

6

the trial court's acceptance of his jury trial waiver before the jury announced its verdict. But there is nothing improper about the timing of Guillen's waiver. Guillen asked for the issue of the aggravating circumstances to be bifurcated, which meant that the court had to determine before the jury announced its verdict whether it could discharge the jury after the announcement. When a defendant is entitled to a bifurcated proceeding, "the jury is not informed of [the bifurcated issue] . . . until it has found the defendant guilty," and the court may not discharge the jurors until they decide the bifurcated issue. (See *People v. Saunders* (1993) 5 Cal.4th 580, 588-589 [trial court erred by discharging jury after it announced the verdict but before it determined the bifurcated issue of whether the defendant had suffered prior convictions].) Before it took Guillen's waiver, the court explained to him that the waiver would become moot if the jury acquitted him on all of the charges. Thus, when Guillen entered his waiver, he understood that he was not admitting guilt on the underlying charges and that the waiver would matter only if the jury found him guilty.

As for Guillen's second challenge, the record confirms that his waiver was knowing and voluntary. "[A] knowing and intelligent jury waiver requires an appreciation of the nature of the jury trial right and the consequences of forgoing this right." (*People v. Hall* (2023) 97 Cal.App.5th 1084, 1099.) The record reflects that the trial court explained to Guillen the nature of the jury trial right and the consequences of waiving it and that Guillen understood the court's explanation and accepted the

consequences of waiver. And Guillen acknowledged that his claim of innocence was not related to his waiver, because when the trial court followed up by asking him if he had any questions about waiving his right to trial on the aggravating circumstances, he said no.

Guillen's challenges also fail because he cannot carry his burden of establishing prejudice. (*People v. Bunas* (2022) 79 Cal.App.5th 840, 866.) In order to demonstrate that an error was prejudicial, Guillen must show that it is "'"reasonably probable the result would have been more favorable to the appealing party but for the error."'" (*Ibid*.)

Guillen cannot show that he was harmed by the timing of his waiver, because he does not claim that he would have made a different decision if the court had waited until after the verdict to address the issue. Guillen also cannot show that he was prejudiced by his admission of the aggravating circumstance allegations. The function of an aggravating circumstance is to allow the trial court to impose a sentence that exceeds the midterm, and here the court imposed the middle term or less for each of the six counts. (See *People v. Lynch* (2024) 16 Cal.5th 730, 767 [the aggravating circumstances "are used to justify a sentence in excess of the middle term"]; § 1170, subd. (b)(2).) Because the court did not impose any term that exceeded the midterm, Guillen's admission of the aggravating circumstances had no impact on his sentence.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MCKINSTER
Acting P. J.

FIELDS
J.

9