RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 14a0130p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

ADAM JEROME KENNEDY,

　　　　　*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,

　　　　　*Respondent-Appellee.*

No. 13-3820

───────────────

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
Nos. 2:10-cr-00095-1; 2:12-cv-00365;
Edmund A. Sargus, Jr., District Judge..

Decided and Filed:  June 24, 2014

Before:  ROGERS and COOK, District Judges; MURPHY, District Judge.[*]

───────────────

## COUNSEL

**ON BRIEF:**  Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Covington, Kentucky, for Appellant.   Benjamin C. Glassman, UNITED STATES ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellee.

───────────────

## OPINION

───────────────

MURPHY, District Judge.  While being investigated for drug trafficking, Adam Jerome Kennedy learned from his attorney that he might be able to reduce his sentencing exposure by pleading guilty to an information.  Unsure of what to do, he sought the advice of a second

───────────────

[*]The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

attorney.  This second attorney promised to beat the government's case.  Kennedy accordingly switched attorneys, heard from his new attorney the government might be bluffing, and decided not to negotiate a guilty plea.

Unfortunately for Kennedy, the government was not bluffing.  It soon indicted him on multiple drug-trafficking, firearms, and money-laundering charges and then caught him accepting a marijuana shipment.  After changing attorneys twice more, Kennedy pleaded guilty and received a below-guidelines sentence of 180 months.

Kennedy later moved to vacate his sentence under 28 U.S.C. § 2255.  He argued that he would have negotiated a preindictment plea agreement and received a lower sentence but for the ineffective assistance of his second attorney.  The district court denied the motion because *United States v. Moody*, 206 F.3d 609 (6th Cir. 2000), held that there is no Sixth Amendment right to counsel in preindictment plea negotiations.  We affirm.

The Sixth Amendment guarantees a right to counsel at critical stages of a criminal proceeding.  *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009).  Those critical stages include some pretrial proceedings, such as postindictment interrogations, postindictment identifications, and postindictment plea negotiations.  *See Massiah v. United States*, 377 U.S. 201 (1964) (postindictment interrogations); *United States v. Wade*, 388 U.S. 218 (1967) (postindictment lineups); *Missouri v. Frye*, 132 S. Ct. 1399 (2012) (postindictment plea negotiations).  But not all pretrial events are included.  Guided by the "plain language" of the Sixth Amendment and its purpose of protecting individuals in adversarial proceedings, the Supreme Court has held that the right to counsel "does not attach until the initiation of adversary judicial proceedings."  *United States v. Gouveia*, 467 U.S. 180, 187–90 (1984); *see also Moran v. Burbine*, 475 U.S. 412, 428–31 (1986) (no right to counsel in preindictment interrogations); *Kirby v. Illinois*, 406 U.S. 682, 688–90 (1972) (plurality opinion) (no right to counsel at preindictment identifications).

Although the *Moody* panel thought applying this rule to preindictment plea negotiations was unfair, the panel applied it nonetheless.  *See Moody*, 206 F.3d at 612–16.  Binding decisions of the Supreme Court and of prior panels of this court prevented it from reaching a contrary result.  *See id.* (citing, among other decisions, *Moran*, *Gouveia*, *Kirby*, *United States v. Latouf*, 132 F.3d 320 (6th Cir. 1997), and *United States v. Myers*, 123 F.3d 350 (6th Cir. 1997)).  And

these same decisions—along with *Moody* itself—constrain us unless and until they are overruled. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).

Recognizing this difficulty, Kennedy argues that *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), reopen the question of when the right to counsel attaches in plea negotiations. To be sure, *Frye* and *Lafler* recognize that plea negotiations are central to the American system of criminal justice. *See Frye*, 132 S. Ct. at 1405–08; *Lafler*, 132 S. Ct. at 1385–86. And together the decisions make clear that the right to counsel applies in postindictment plea negotiations even if the negotiations have no effect on the fairness of a conviction. *See Lafler*, 132 S. Ct. at 1385–88 (rejecting arguments that the Sixth Amendment is designed only to guarantee a fair trial and reliable conviction); *see also id.* at 1391–95 (Scalia, J., dissenting); *Frye*, 132 S. Ct. at 1412 (Scalia, J., dissenting). But in neither case did the Supreme Court consider the question of whether the right to counsel attached in preindictment plea negotiations.

If anything, *Frye* and *Lafler* accept the rule that the right to counsel does not attach until the initiation of adversary judicial proceedings. Neither decision expressly abrogates or questions the rule. It would be highly unusual for the Supreme Court to discard or sharply limit a longstanding rule without comment, especially when the rule supposedly abrogated comes from the text of the Sixth Amendment. *See Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 18 (2000). Additionally, the dissenting justices did not read the majority opinions as creating a new right to counsel in preindictment plea negotiations. *See Lafler*, 132 S. Ct. at 1392 (Scalia, J., dissenting) ("Today's opinions deal with only two aspects of counsel's plea-bargaining inadequacy . . . . "). And finally, recognizing that the Sixth Amendment guarantees a right to counsel at "all critical stages of [a] criminal proceeding[]," *Frye* explained that those critical stages include "arraignments, *postindictment* interrogations, *postindictment* lineups, and the entry of a guilty plea." *Frye*, 132 S. Ct. at 1405 (internal quotations omitted) (emphasis added). Had the Supreme Court erased the line between preindictment and postindictment proceedings for plea negotiations, it surely would have said so given its careful attention to the distinction for interrogations and lineups.

Because *Moody* has not been abrogated or overruled, it remains good law.  Kennedy, of course, may be correct that the Supreme Court will eventually extend the right to counsel to preindictment plea negotiations.  But a prediction of what the law might (or might not) become does not permit us to disregard binding precedent.  *See United States v. Talley*, 275 F.3d 560, 565 (6th Cir. 2001) ("[T]he Supreme Court has recently reminded us that lower courts should not overrule its decisions, even if later opinions cast doubt on such precedent.").

We accordingly **AFFIRM**.