An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL ANTHONY RAMET,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62993

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

On appeal from the denial of his December 11, 2009, petition, appellant argues that the district court erred in denying some of his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

14- 23827

First, appellant argues that counsel was ineffective for discouraging him from accepting the State's guilty plea offer. Appellant has failed to demonstrate deficiency. The reasonableness of counsel's actions are evaluated as of the time of the action, not through "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Counsel testified that he had based his recommendation to reject the plea offer on the evidence and appellant's own words, and that it was only after hearing appellant's testimony at trial, the full contents of which he "didn't see . . . coming," that he realized he should have counseled him to accept the plea offer. Further, appellant's case is distinguishable from *Lafler v. Cooper*, in which the parties stipulated that counsel was deficient where counsel's advice was based upon a misunderstanding of the legal requirements to obtain a conviction. 566 U.S. ___, ___, 132 S. Ct. 1376, 1384 (2012). Here, the parties did not stipulate that counsel was deficient, and there is no allegation that counsel misunderstood the applicable law. Accordingly, appellant failed to demonstrate by a preponderance of the evidence that counsel's advice, at the time it was given, was objectively unreasonable. We therefore conclude that the district court did not err in denying this claim.

Second, appellant argues that counsel was ineffective for failing to adequately investigate his mental health through a psychological or psychiatric evaluation. Appellant has failed to demonstrate prejudice. Appellant failed to produce an expert witness or report at his evidentiary hearing to indicate what the results of an evaluation would have been. Accordingly, appellant failed to demonstrate a reasonable probability of a different outcome had counsel obtained a psychological or psychiatric

evaluation. We therefore conclude that the district court did not err in denying this claim.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____ Pickering _____ , J.
Pickering

_____ _____ , J.
Parraguirre

_____ _____ , J.
Saitta

cc:     Hon. Stefany Miley, District Judge
Lizzie R. Hatcher
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk