Hamilton v. United States of America

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand fifteen.

PRESENT: DENNIS JACOBS,
        RICHARD C. WESLEY,
        SUSAN L. CARNEY,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

JEFFREY EARL HAMILTON,
        Petitioner-Appellant,

        -v.-                     13-3516

UNITED STATES OF AMERICA,
        Respondent-Appellee.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          SALLY WASSERMAN, New York, New York.

FOR APPELLEE:           HIRAL D. MEHTA, with Susan Corkery on the brief, Assistant United States Attorneys (for Loretta E. Lynch, United States Attorney for the Eastern

District of New York), Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jeffrey Earl Hamilton appeals from the judgment of the United States District Court for the Eastern District of New York (Ross, J.), denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Hamilton contends that his trial counsel was ineffective for providing bad advice about whether to enter a guilty plea. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On "an appeal from the denial of a § 2255 motion, we review the district court's factual findings for clear error and its legal conclusions de novo." Rosario v. United States, 164 F.3d 729, 735 (2d Cir. 1998).

"Section 2255 allows a federal prisoner to attack collaterally his sentence on the grounds that it was 'imposed in violation of the Constitution.'" Morales v. United States, 635 F.3d 39, 42-43 (2d Cir. 2011) (quoting 28 U.S.C. § 2255(a)). "Because the Sixth Amendment provides criminal defendants with the right to effective assistance of counsel, inadequate representation is a basis for relief under section 2255." Id. at 43 (internal citation and emphasis omitted).

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance was "deficient" as measured by an "objective standard of reasonableness," and (2) actual prejudice resulted. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

The Sixth Amendment right to effective counsel "extends to the plea-bargaining process." Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). "To establish Strickland prejudice . . . . [i]n the context of pleas[,] a defendant must show the outcome of the plea process would have been different with

2

competent advice. Id. When the prejudice alleged is the rejection of a plea offer,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id. at 1385.

At a lengthy evidentiary hearing, Hamilton testified that--contrary to prior assertions in his written filings-- he was the one who decided to reject several plea offers from the government before trial, over counsel's strenuous and repeated recommendations that he accept. Hamilton's trial counsel testified to the same effect. The district court credited that testimony: "it is not reasonably probable that Hamilton would have accepted any of the government's plea offers," even if counsel had rendered different advice.

The district court denied relief on the ground that Hamilton cannot sustain his burden to show prejudice--even assuming that counsel's performance was constitutionally deficient (an issue we need not and do not reach).

In finding an absence of prejudice, the district court relied on material contradictions between Hamilton's habeas petition and his sworn testimony at the evidentiary hearing:

> Ultimately, the court disbelieves petitioner's testimony that he would have pleaded guilty but for [trial counsel's] allegedly deficient plea advice. Hamilton's lack of veracity as to this critical issue--and his willingness to misrepresent the facts to secure habeas relief--is reflected in the significant contradictions between the statements in his petition and at the hearing. Perhaps most strikingly, Hamilton initially insisted that [counsel] had advised him

3

to reject the two written plea offers.  Only after the government disclosed the tape recordings that clearly indicated otherwise did petitioner admit that [counsel] had, in fact, repeatedly urged him to accept the deals.

The district court did not clearly err in finding that Hamilton was not credible on the decisive question of why he rejected all of the government's plea offers.  Accordingly, he cannot show prejudice stemming from the decision to reject the government's pre-trial plea offers.

Hamilton also claims that his attorney provided deficient representation when Hamilton asked him mid-trial whether Hamilton should consider pleading to the indictment, and his attorney responded that such a course was not advisable.  As to this claim, Hamilton has not met his burden to show prejudice because the prospect of an acceptance-of-responsibility reduction at sentencing is far-fetched given the facts of this case.  See United States v. Nouri, 711 F.3d 129, 146 (2d Cir.), cert denied, 134 S. Ct. 309 (2013).

For the foregoing reasons, and finding no merit in Hamilton's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4