[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11346

_____

D.C. Docket No. 1:12-cv-20302-JEM

DAVID GOMEZ MILLAN,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 14, 2016)

Before JORDAN, ROSENBAUM, and SILER,[*] Circuit Judges.

PER CURIAM:

David Millan appeals the district court's denial of his ineffective assistance of counsel claim, as set forth in his federal habeas corpus petition. *See* 28 U.S.C. § 2254. Following oral argument and a review of the record, we affirm.

## I

Mr. Millan, who had been charged with first-degree murder, was convicted by a Florida jury of second-degree murder and sentenced to life imprisonment. He alleged in his habeas corpus petition that his counsel had rendered deficient performance by advising him to reject 15-year and 25-year plea offers by the state. *See generally Strickland v. Washington*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52 (1985).

The magistrate judge held an evidentiary hearing, with the district court's agreement, and recommended denial of the ineffectiveness claim. With respect to performance, the magistrate judge found that (1) the state never tendered a 15-year plea offer to Mr. Millan; (2) even if a 15-year plea offer existed, Mr. Millan learned of the offer, discussed it with counsel, and rejected it before it expired or was withdrawn; (3) the state made a 25-year plea offer to Mr. Millan on the eve of trial; and (4) counsel told Mr. Millan the case was "triable" on a self-defense

---

[*] Honorable Eugene Siler, United States Circuit Judge for the Sixth Circuit, sitting by designation.

theory but discussed with him the many negatives in the case and did not discourage him from accepting the 25-year offer.  *See* D.E. 55 at 31–32.  With respect to prejudice, the magistrate judge credited counsel's testimony, found Mr. Millan's testimony "incredible," and found that (a) Mr. Millan sought a sentence close to five years; (b) Mr. Millan believed (and still believes) that he acted in self-defense; and (c) Mr. Millan would not entertain any plea approaching the state's 25-year offer.  The magistrate judge expressly rejected the assertion by Mr. Millan that he would have accepted the 25-year plea offer had his counsel given him better advice.  *See id.* at 32–33.

The district court overruled Mr. Millan's objections and adopted the magistrate judge's report.  In so doing, the district court rejected Mr. Millan's argument that, because the magistrate judge had held an evidentiary hearing, the ineffectiveness claim had to be reviewed *de novo*, and not under the deferential standard set forth by AEDPA in 28 U.S.C. § 2254(d).  *See* D.E. 64 at 3–4.

## II

Mr. Millan argues on appeal that the district court should have exercised plenary review with respect to the ineffectiveness claim because the magistrate judge held an evidentiary hearing.  We have not yet addressed this issue, *see, e.g., LeCroy v. Secretary*, 421 F.3d 1237, 1263 (11th Cir. 2005) (leaving issue open), and once again conclude that there is no need to make a definitive pronouncement.

The reason is a simple one—Mr. Millan's ineffectiveness claim fails even if we assume that *de novo* review is appropriate.  To prevail on his ineffectiveness claim, Mr. Millan had to show that his counsel gave him constitutionally deficient advice with respect to plea offers, and that, but for the advice, there is a reasonable probability that he would have accepted the plea offers made to him.  *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012).  Here the magistrate judge and the district court found that the state did not make a 15-year plea offer to Mr. Millan; that counsel discussed the negatives in the case and did not discourage Mr. Millan from accepting the state's 25-year plea offer; and that Mr. Millan—in part because he believed that he acted in self-defense—was looking for a plea in the five-year range and would not have accepted anything close to the state's 25-year offer.  These findings, which were largely based on credibility determinations, are not clearly erroneous.  *See Anderson v. City of Bessemer*, 470 U.S. 564, 573–74 (1985).  And, given those findings, Mr. Millan's ineffectiveness claim cannot succeed.

## III

We affirm the district court's denial of Mr. Millan's ineffectiveness claim.

**AFFIRMED.**