**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH H. SHOCKMAN, | No. 16-55195 |
| Petitioner-Appellant, | D.C. No. 3:14-cv-01946-H-JMA |
| v. | |
| TIM PEREZ and XAVIER BECERRA, Attorney General, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted October 6, 2017
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Kenneth Shockman was arrested after he and his co-defendant were caught in a sting operation attempting to sell methamphetamine. The co-defendant was carrying the meth, which was wrapped in a black cocktail napkin—a distinctive packaging for drugs that one of the officers involved had never seen in his experience with over 500 drug cases. Police then found meth, drug paraphernalia, and black cocktail napkins at Shockman's home. Shockman rejected a plea offer of 32 months. He chose instead to go to trial notwithstanding compelling evidence of guilt, a choice that ultimately led to a sentence of 10 years' imprisonment.

Seven years before the attempted sale that resulted in the convictions he challenges here, Shockman had been convicted of possessing meth for sale—a conviction that Shockman's counsel managed to exclude from the trial as unduly prejudicial. The prosecutor nonetheless received a case file for this 2002 conviction just as Shockman was testifying. The file revealed that Shockman had also wrapped meth in cocktail napkins during the 2002 offense—surprising both the prosecutor and Shockman's counsel, who was aware of the offense but had not investigated the details.

Solely because of the delayed disclosure, the trial judge again prohibited the prosecution from using the fact and circumstances of the 2002 conviction, although he did allow Shockman's co-defendant to cross-examine Shockman on details

underlying the conviction, including the napkin pattern. During this cross-examination, Shockman denied that his earlier possession had been for sale. The trial judge then ruled that Shockman had "opened the door" and allowed the prosecution to elicit further details and the specific fact that Shockman had a prior conviction for possessing methamphetamine. Shockman was found guilty. After exhausting his state post-trial remedies, he filed a petition for a writ of habeas corpus. He now appeals the denial of that petition.

Shockman's primary argument is that effective counsel would have convinced him to plead guilty. Unsurprisingly, counsel did recommend that Shockman take the generous plea offer. But, Shockman claims, had counsel first investigated the 2002 conviction, counsel would have discovered the damning napkin pattern, which would have swayed Shockman to follow counsel's advice and plead guilty. Instead, Shockman chose to go to trial unaware that he would be confronted with the unique way he himself packaged methamphetamine. This choice, he argues, resulted in a harsher sentence after trial than Shockman would have received had counsel uncovered the pattern earlier and thereby convinced Shockman to accept the plea bargain.

Shockman's ineffective assistance of counsel claim fails. Our review of counsel's performance is doubly deferential. First, the California courts must defer to

counsel's reasonable judgments. *Vega v. Ryan*, 757 F.3d 960, 966 (9th Cir. 2014) (per curiam). Second, we must defer to the California courts' assessments of counsel's judgments unless those assessments are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Vega*, 757 F.3d at 966.

Here, Shockman's counsel was not deficient. Of course, the right to effective assistance of counsel "extends to the plea-bargaining process," *Lafler v. Cooper*, 566 U.S. 156, 162 (2012), and it is clear that, in some circumstances, counsel may be required to review a case file from a prior prosecution regardless of what the client does or does not say about it, *Rompilla v. Beard*, 545 U.S. 374, 381–90 (2005); *cf. Vega*, 757 F.3d at 968–69 (requiring counsel to review prior attorneys' case file for same matter). But the Constitution does not require defense counsel to obtain and review the details of a client's seven-year-old drug conviction before plea bargaining when counsel is already going to advise the client to accept a generous plea offer in a case with little chance of acquittal and in which counsel plans to move to exclude evidence of the earlier conviction—a motion that was granted before trial. While Shockman's trial counsel himself agreed that he was ineffective, on this record we disagree. *See Edwards v. Lamarque*, 475 F.3d 1121, 1126 & n.2 (9th Cir. 2007) (en banc) (noting this Court's skepticism of an attorney's *mea culpa*).

4

Additionally, even if counsel had been deficient, Shockman would still have to show that he was prejudiced by that deficiency. That requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In the context of a rejected plea agreement, that means that Shockman must demonstrate, among other things, a reasonable probability that the prosecution would have offered a beneficial plea agreement after counsel's hypothetical investigation into the 2002 conviction. *See Lafler*, 566 U.S. at 164. But the napkin detail was in police reports in the *prosecution's* offsite file of the 2002 conviction, and it is uncertain that the specific detail could have been obtained other than by a request to the prosecutor, as the respondents argue. Thus, earlier discovery by Shockman's counsel may well have led to the prosecution learning of the pattern too. And Shockman offers no evidence that the prosecution, likely armed with what the trial judge called "home run material" (on top of an already compelling case), would even have offered a plea bargain.

Moreover, Shockman's proposed remedy, simply vacating his conviction, is odd medicine when the purported malady is the loss of a chance to plead *guilty*. "Conceptually, any habeas remedy 'should put the defendant back in the position he would have been in if the Sixth Amendment violation never occurred'...." *Nunes v. Mueller*, 350 F.3d 1045, 1057 (9th Cir. 2003) (quoting *United States v. Blaylock*,

5

20 F.3d 1458, 1468 (9th Cir. 1994)). Shockman has served his prison sentence and is now on parole. Were we to grant relief in these circumstances, the most that Shockman could expect, as a practical matter, would be a reduction of his parole term. *See id.* at 1056–57; *cf. Dasher v. Att'y Gen., Fla.*, 574 F.3d 1310, 1318 (11th Cir. 2009) (on habeas, modifying a sentence without disturbing the underlying conviction).

We also reject Shockman's argument that the Due Process Clause was violated because his co-defendant effectively acted as a prosecutor. This argument is based on the fact that it was the co-defendant's counsel rather than the prosecutor who first cross-examined Shockman regarding his unique manner of packaging drugs. Despite Shockman's argument, however, there was no evidence that the co-defendant had agreed with the prosecutor to undermine Shockman's defense. *See People v. Shockman*, 124 Cal. Rptr. 3d 329, 341 (Cal. Ct. App. 2011). Rather, the state court reasonably deemed the co-defendant's cross-examination "no more than an entirely legitimate effort to salvage some sympathy [for the co-defendant's jury nullification strategy] by demonstrating that Shockman was, if anything, the more experienced and sophisticated of the two drug dealers." *Id.* at 340.

**AFFIRMED.**



***Shockman v. Perez*, Case No. 16-55195**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.