In the

# United States Court of Appeals
## For the Seventh Circuit

No. 21-2416

RAY O. CROWELL, JR.,

*Petitioner-Appellant*,

*v.*

MARK R. SEVIER, Warden,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:20-cv-01450-RLY-MJD — **Richard L. Young**, *Judge*.

ARGUED MARCH 27, 2023 — DECIDED AUGUST 8, 2023

Before HAMILTON, SCUDDER, and PRYOR, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Indiana charged petitioner-appellant Crowell with more than a dozen felonies related to the sexual abuse of his daughter. Crowell pled guilty to three charges under a binding plea agreement. He now appeals from the denial of his petition for federal habeas corpus relief under 28 U.S.C. § 2254. He claims he was deprived of his Sixth Amendment right to effective assistance of counsel. He asserts that his trial counsel failed to advise him that six of the

charges against him, including one to which he pled guilty, were barred by the statute of limitations. The Indiana Court of Appeals rejected Crowell's claim because he had not shown that if he had been properly advised, he would have rejected the plea bargain and insisted on going to trial on all the timely charges. We agree with the district court that the state court's decision was not an unreasonable application of Supreme Court precedent, so we affirm denial of relief.

I.   *Factual and Procedural History*

In 2015, Indiana charged Crowell with thirteen felony counts, including four counts of Class A felony child molesting, four counts of Class B felony sexual misconduct with a minor, two counts of Level 5 felony incest, one count of Class C felony incest, one count of Class C felony child molesting, and one count of Class C felony sexual misconduct with a minor. Unbeknownst to Crowell, however, the statute of limitations had run on six of the counts: the four counts of Class B felony sexual misconduct with a minor, the one count of Class C felony sexual misconduct with a minor, and the one count of Class C felony child molesting. Crowell's appointed attorney failed to inform him or the prosecution that Crowell had a statute-of-limitations defense to those counts.[1]

---

[1] The charged conduct for the time-barred counts was alleged to have occurred no later than 2007. The State's charges may have relied on the state statute of limitations in effect when Crowell was charged in 2015, as opposed to the statute of limitations in effect in 2007, which required that charges be brought within five years. Because several of the charges against Crowell were already time-barred when the state legislature extended the statute of limitations in 2013, the 2013 enactment could not, consistent with the Ex Post Facto Clause of the Constitution, restore the

The State offered a plea deal, which led to friction between Crowell and his attorney. One week before the scheduled trial, Crowell moved to fire his court-appointed lawyer, whom he accused of lying to him about his family's cooperation with the prosecution. Crowell believed his attorney had lied "to sway me to take a plea." The court refused Crowell's request but reminded him that whether to plead or go to trial was his choice. Crowell replied that he was "not pleading."

Four days later, however, Crowell signed a plea agreement. He agreed to plead guilty to one count of Class A felony child molesting, one count of Class B felony sexual misconduct with a minor, and one count of Class C felony incest, with all other counts dismissed. Neither Crowell's attorney nor anyone else advised Crowell that the Class B felony to which he was pleading guilty would have been barred by the statute of limitations if he had raised the defense.

The plea agreement provided that, if the court accepted it, Crowell would be sentenced to 30 years for the Class A felony, with 24 years executed and six years suspended, 20 years executed for the Class B felony, and eight years executed for the Class C felony. The sentences were to run concurrently, meaning Crowell would be sentenced in total to 24 years executed and six years suspended. If Crowell were to receive all good-time credit for which he is eligible, he could be released after 12 years. See Ind. Code § 35-50-6-3. The court accepted Crowell's plea and sentenced him accordingly.

Crowell sought post-conviction relief in state court, arguing that trial counsel's failure to inform him of the available

---

State's ability to prosecute the time-barred offenses. *Stogner v. California*, 539 U.S. 607, 609 (2003).

defense amounted to ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), in violation of his Sixth Amendment right to counsel. The Indiana post-conviction court denied relief, and the Indiana Court of Appeals affirmed.

The state appellate court did not address whether trial counsel's performance was constitutionally deficient but instead focused on whether Crowell was prejudiced by counsel's performance. The court found that Crowell had not shown that, if he had been informed of the statute of limitations defense for several but not all charges, he would have rejected the plea offer and insisted on going to trial. The court emphasized that Crowell faced a potential aggregate sentence of 220 years on charges that were certainly timely. That would have been significantly longer than the 24-year executed sentence he was offered. The court concluded that Crowell "advanced no special circumstances to support his claim" that he would have rejected the plea agreement, given the significant sentence he otherwise faced. The Indiana Supreme Court denied further review.

Crowell then filed a federal habeas corpus petition under 28 U.S.C. § 2254. The district court denied relief, finding that the Indiana appellate court had reasonably applied *Strickland* in finding that Crowell had not established prejudice. The district court denied a certificate of appealability. Crowell then applied, pro se, for a certificate of appealability from this

court. We granted the certificate and recruited appellate counsel for Crowell.[2]

II. *Standard of Review*

We review a district court's denial of habeas relief de novo. *Reyes v. Nurse*, 38 F.4th 636, 644 (7th Cir. 2022). Because Crowell is in state custody, we review his claims under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. Crowell seeks relief under § 2254(d)(1), so he must show that the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In applying this standard, we look past a state supreme court's denial of discretionary review to the "last reasoned state-court decision" to decide the merits of the case. *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (en banc), quoting *Johnson v. Williams*, 568 U.S. 289, 297 n.1 (2013).

Crowell relies on the "unreasonable application" prong of § 2254(d)(1). A state court applies Supreme Court precedent unreasonably when it "identifies the correct governing legal principle … but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). To grant relief under this prong, the federal court must find that the state court's application of precedent was "objectively unreasonable," not merely "incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003), quoting *Williams*, 529 U.S. at 409. Put differently, the habeas petitioner

---

[2] Attorneys Charles B. Klein and Patrick J. Bannon of the firm Winston & Strawn LLP have ably represented petitioner Crowell and have the thanks of the court.

must show that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

III. *Analysis*

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Lee v. United States*, 582 U.S. 357, 363 (2017). To prevail on a claim for ineffective assistance of counsel, a habeas petitioner must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. To establish deficient performance, the petitioner must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, the petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court may address these prongs in either order and need not address both if the defendant makes an insufficient showing on one. *Id.* at 697.

The right to effective assistance of counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To establish prejudice in this context, the habeas petitioner must show that "the outcome of the plea process would have been different with competent advice." *Id.* at 163. When a petitioner claims that counsel's ineffective assistance caused him to accept a plea, he must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A habeas petitioner need not show he would have been acquitted or received a lighter sentence if he had gone to trial. *Lee*, 582 U.S. at 367. An accused defendant without a viable defense "will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial." *Id.* This is because defendants "obviously weigh their prospects at trial in deciding whether to accept a plea." *Id.* But even when a defendant's odds at trial are long, he may establish prejudice by showing a "reasonable probability" that he still would have insisted on going to trial, such as when pleading guilty would have exposed the defendant to undesirable collateral consequences. *Id.* at 369 (guilty plea resulted in mandatory deportation, which was "the determinative issue" for defendant). Courts, however, "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.* Instead, courts should look to "contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.*

These general standards are clearly established by decisions of the Supreme Court of the United States. The Indiana Court of Appeals decision denying Crowell's ineffective assistance claim on this factual record was not an unreasonable application of these standards. The state court reasonably found that Crowell had not demonstrated that he would have rejected the State's plea offer and insisted on going to trial if he had been advised that some of the charges were time-barred. Citing findings of the post-conviction court, the appellate court noted that Crowell still would have faced a maximum aggregate sentence of 220 years on the timely counts. Consecutive advisory sentences on these counts would have resulted in a sentence of 130 years. Even consecutive minimum

sentences would have yielded a sentence of 86 years. Assuming Crowell earned all good-time credit for which he would be eligible, he faced 43 to 110 actual years in prison if convicted on all timely counts, compared to 12 actual years in prison pursuant to the plea agreement. We do not know from the record before us what a realistic sentence for Crowell would have been if he had been convicted on all timely counts. The state appellate court noted, however, again citing the findings of the post-conviction court, that given the "great length and severity of Mr. Crowell's course of abusive conduct … it cannot be imagined" that he would have received concurrent sentences. We cannot say that was an unreasonable view. The state appellate court therefore affirmed denial of relief, concluding that Crowell "advanced no special circumstances" to support his claim that he would have proceeded to trial where he was facing a total sentence much longer than under the binding plea agreement.

As evidence that he would have gone to trial if properly advised, Crowell points first to the pretrial hearing, in which he asserted that he would not plead guilty. That assertion does not deserve much weight. Just four days after that hearing, Crowell pled guilty under the agreement. Crowell also cites his federal habeas petition and his appellate brief in the state post-conviction proceedings. In both, he insisted that he would not have pled guilty to a time-barred count if he had known of the bar. These statements were not before the state trial court hearing his petition for post-conviction relief, however, and they are precisely the type of post hoc assertions on which courts may not, and certainly need not, solely rely. See *Lee*, 582 U.S. at 369. The state court reasonably concluded that contemporaneous evidence did not support a finding that if

Crowell had been properly advised, he would have rejected the plea agreement.

Crowell also faults the state appellate court for analyzing his decision to plead guilty by reference to the sentence he would have faced if convicted on all timely counts and sentenced consecutively. In Crowell's view, the court should have considered the possibility that, if he had gone to trial, he would have received concurrent sentences, as well as the possibility that he would not have been convicted on all seven timely charges. He offers no evidence, however, that these outcomes would have been any more likely than the sentences considered by the Indiana appellate court. He notes that Indiana appellate courts occasionally reduce sentences in some child sex abuse cases. That possibility does not rebut the finding of the post-conviction trial court, cited by the appellate court, that Crowell was unlikely to have received concurrent sentences given the "great length and severity of [his] course of abusive conduct." More important, Crowell identifies no Supreme Court precedent establishing that the state appellate court committed a legal error "beyond any possibility for fair-minded disagreement" when it gauged Crowell's likely decision by assuming he would have faced conviction and consecutive sentences on all timely counts. See *Richter*, 562 U.S. at 103.

For these reasons, the judgment of the district court denying Crowell's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is

AFFIRMED.